Nov. Term, 1836.

Throgmorton v. Davis.

Friday, December 2.

---

## Throgmorton *v.* Davis and Wife.

Case 2.
4b 174
150    11

Slander. Plea, the statute of limitations. *Held*, that *for the purpose of showing malice* in the speaking of the words charged, the plaintiff might prove that the defendant had spoken similar words more than a year before the suit was commenced; but that such evidence was not admissible *to aggravate the damages.*

The order of time for the introduction of evidence to support the different parts of an action or defence, must be generally left to the discretion of the party who introduces the evidence.

ERROR to the *Franklin* Circuit Court.

Nov. Term, 1836.

BLACKFORD, J.—*Davis* and his wife brought an action of slander against *Throgmorton*. The substance of the words set out in the declaration is, that the defendant had said that he could have illicit intercourse with *Davis's* wife, and that she permitted other men to have such intercourse with her. The defendant pleaded the statute of limitations. Verdict and judgment for the plaintiffs.

THROGMORTON
v.
DAVIS.

*Friday,*
*December* 2.

On the trial, the plaintiffs offered to prove that more than a year before the commencement of the suit, the defendant had said that he could have connection with the plaintiff's wife. The evidence was objected to, on the ground that the words were not spoken within a year, which is the time specified by the statute of limitations. The Court, however, permitted the plaintiffs to introduce the evidence for the purpose of proving malice.

The admission of this evidence was correct. It was only admitted to show the *motives* of the defendant in speaking the other words which are stated in the declaration, and for which the action was sustainable. Under this view of the subject, it can be of no consequence that the words objected to by the defendant below, were spoken more than a year before the commencement of the suit. They tended to show the defendant's *malice*, and it was for that purpose alone they were admitted. This point is expressly decided in the case of *Inman* v. *Foster*, 8 Wend. 602.

The plaintiff in error says that, at all events, these words were inadmissible, until the words which would support the suit had been proved. We think this is a mistake. The plaintiff below had a right to introduce evidence to prove the defendant's malice, as well as to prove the speaking of the words relied on as actionable; and it cannot be material which of these facts was first proved. The order of time for the introduction of evidence to support the different points of an action or defence, must be generally left to the discretion of the party who introduces the evidence.

The Court instructed the jury, that they ought to take the words proved,—viz. "that *Davis's* wife was too common with other men," if they believed the witnesses, as the foundation of the action; and that they should "consider all the rest prov-

ed as mere *aggravation*, as showing the malice or ill-will of the party.

The objection to this instruction is, that by the latter part of it, the jury were permitted to consider, in estimating the amount of damages, words which were not actionable, and which had been spoken more than a year before the com·mencement of the suit. The language of the Court is not quite clear, that the words alluded to might be considered by the jury in aggravation of damages. That, however, seems rather to be the meaning of the Court. At any rate, it is very evident that the jury may have so understood the instruc-tion. It is exceedingly important that the Court should, in cases like the present, be very particular in their information to the jury, that the words admitted exclusively for the pur-pose of showing malice, should not be considered in aggrava-tion of damages. *M'Glemery* v. *Keller*, *Nov.* Term, 1834. The latter part of the instruction objected to is incorrect.

There is one other point made by the plaintiff in error, which relates to the admission of testimony, but its examina-tion is not material in the decision of the cause.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*O. H. Smith*, for the plaintiff.

*J. Ryman* and *G. H. Dunn*, for the defendants.