May Term,
1857.

Johnson
v.
Kent.

*A. Brower*, for the appellant (2).

*J. Ryman*, for the appellee.

(1) See *The State* v. *Clark, ante,* 241.

(2) Counsel for the appellant cited the following authorities:

The plaintiff having made a levy upon real and personal property of defendant, *Lane*, sufficient to pay the judgment, had no right to abandon that levy (except by leave of Court, upon motion and good reason shown), and direct the return of that execution, and the issuing of another to be levied upon the property of *Hunt*. Having seized the property of *Lane*, he must make a legal disposition of his levy before he can go elsewhere. 3 Ohio R. 224, 269.—4 *id.* 378.—1 *id.* 214.—1 Blackf. 226, 289.—7 *id.* 29.—1 Ind. R. 522.—2 *id.* 309.—12 Johns. 208.—8 Cow. 192.

---

## Johnson, Executor, *v.* Kent and Another.

There is no statute dispensing with the requisite of mutuality in cases of set-off; nor is there any authorizing a defendant to ingraft upon an action brought by several plaintiffs, a separate demand against one of them.

Action upon an account against a decedent's estate with credits. Several matters were pleaded by way of set-off. The Court instructed the jury as follows: "If the defendant has failed to prove any of the off-sets in his an-

swer, but resorts to the plaintiff's claim to prove the credits that he is entitled to, then the jury will take the whole of the plaintiff's claim as true, both debt and credit." *Held*, that this was error.

A claim filed against a decedent's estate, if contested, is the claimant's complaint, and is subject to the same rules of construction as other pleadings.

If a party in a pleading admits a fact, the opposite party need not prove it; but all other matters in the same pleading, if put in issue, as in this case, must be proved.

APPEAL from the *Warren* Court of Common Pleas.

GOOKINS, J.—This action was brought by *Kent* and *Hitchens* against *James Johnson*, executor of the estate of *Thomas Johnson*, deceased, upon an account claimed to be due from the testator to the plaintiffs, as partners.

The account consisted of various items of goods and money, amounting to 296 dollars and 37 cents, and was credited by two items, amounting to 109 dollars and 40 cents.

The defendant answered by a general denial, and by several paragraphs alleging an indebtedness of the plaintiffs to the defendant's testator, which were pleaded by way of set-off; and by various other paragraphs, setting up as a defense, by what the answer calls a counter-claim, an indebtedness of *Kent* to the deceased. To the latter paragraphs demurrers were sustained; on the former, issues were taken.

There was a trial by jury; verdict for the amount of the plaintiffs' account, deducting the credits; new trial refused, and judgment. The record contains the evidence.

The appellant raises the question in various forms upon this record, whether he can avail himself of an indebtedness to his testator from *Kent*, one of the plaintiffs, as a defense, in the form of a set-off or counter-claim; and further, he insists that if he cannot make such indebtedness available as a defense, he can recover the amount so due, in this action, by a judgment separately against *Kent*. To support these positions, he relies upon the following sections of the code of practice: Section 57, 2 R. S. p. 39, provides that a set-off must consist of matter arising out of a debt, duty, or contract, liquidated or not. Section 58, p. 40, provides that, in an action upon contract against several,

one of whom is principal and others sureties, the principal may set off any proper demand he may have against the plaintiff. Section 368, p. 121, authorizes judgment to be given for or against one or more of several plaintiffs or defendants.

We see nothing in these, nor in any other provisions of the statute, dispensing with the requisite of mutuality in cases of set-off; nor is there anything authorizing a defendant to ingraft upon an action brought by several plaintiffs, a separate demand against one of them. The provisions in question are foreign to any such purpose.

The plaintiffs' account, as before stated, contained their charges against the testator, and their credits in his favor, showing a balance due them, for which they obtained a verdict. On the trial, the defendant gave no evidence of the credits, relying upon the account for them; but insisted that the plaintiffs should be required to prove all the items of their demand. Thereupon the Court, at the instance of the plaintiffs, instructed the jury as follows: "If the defendant has failed to prove any of the off-sets in his answer, but resorts to the plaintiffs' claim to prove the credits that he is entitled to, then the jury will take the whole of the plaintiffs's claim as true, both debt and credit." To this instruction the defendant excepted.

The account or claim filed against an estate, stands as the plaintiffs complaint, if the claim is contested by the representative of the deceased. 2 R. S. p. 260, 261, ss. 62, 65. These sections were sought to be amended by the act of 1853, pp. 50, 51, requiring the claim to be verified, showing the balance justly due; but the latter provision is not in force. *Langdon* v. *Applegate*, 5 Ind. R. 327.—*Littler* v. *Smiley*, at the present term (1). If it were, as that statute would require all credits to be given, the rule might be different. As it is, the claim filed is a pleading, and subject to the same rules of construction as other pleadings. When a party in pleading admits a fact, his opponent has no occasion to offer evidence of it. It stands as true for the purposes of the action, and all other matters in the same pleading, if put in issue, as they were here, must be

proved. This would undoubtedly be the rule in ordinary cases. It may be said that claimants against estates should be induced to give the proper credits upon their claims. We admit it; but that inducement the law must hold out, as the statute of 1853 attempted to do. If that attempt has failed, it is not the province of the Courts to supply the defect. We can only apply such rules as the law has given us.

In this case, the evidence offered by the plaintiffs in support of their account, was very slight; and in the absence of this instruction, the jury would not, probably, have found the account proved. We think it was erroneous, and that the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded for a new trial, with leave to the parties to amend their pleadings.

*R. A. Chandler*, for the appellant.

*B. F. Gregory* and *J. Harper*, for the appellees.

(1) *Ante*, 116.