43   271|
126   463

## GINN, EXECUTOR, *v.* COLLINS.

DECEDENTS' ESTATES.—*Claim.*—No formal complaint is necessary in prosecuting a claim against the estate of a decedent; a succinct statement of the nature and amount of the claim is all that the statute requires.   A statement of an account which would be a good cause of action against a living defendant before a justice of the peace, is a sufficient statement of a claim against a decedent's estate.

SAME.—*Evidence.*—As a general rule, a party may introduce his evidence in the order in which he prefers; therefore, on the trial of a proceeding to enforce a claim against a decedent's estate, it was not error to admit evidence of the value of personal service rendered by the plaintiff to the decedent (his father), before any proof was given of an express promise by the decedent to pay for such services.

SAME.—*Witness.*—*Executor.*—On the trial of a claim for services rendered to a decedent in his lifetime, the personal representative cannot testify as a witness, unless called as such by the opposing party or by the court.

From the Delaware Common Pleas.

*W. March, C. E. Shipley,* and *W. Brotherton,* for appellant.

*T. S. Walterhouse, J. S. Buckles,* and *J. W. Ryan,* for appellee.

DOWNEY, C. J.—This was a claim filed by the appellee against the estate of the said testator, in the common pleas. The cause having resulted in a judgment allowing the claim, the executor appealed to this court, and has here assigned as errors, 1. The overruling of his demurrer to the com-

plaint.  2.  Overruling his motion for a new trial.  3.  Overruling his motion for a *venire de novo*.  4.  Overruling his motion for judgment *non obstante veredicto*.

There are two claims copied into the transcript.  As the last one covers fully the first, it must be held to have superseded the first, according to section 559, p. 273, 2 G. & H.  As there does not appear to have been any demurrer to the first, we will presume that the demurrer which was filed and overruled was intended to apply to the last complaint or claim filed.

This claim is as follows:

"The estate of Elijah Collins, dec'd, Dr.

"In account with George W. Collins.

"To board, services, and maintenance in taking care of and providing for said Elijah Collins, and for care and provisions for him in his last illness to the time of his death, February 24th, 1870, said board, care, and maintenance extending from October 10th, 1867, to February 24th, 1870, $1200.00."

This is followed by a bill of particulars, in which the items are set forth thus:

"The estate of Elijah Collins, deceased.

"In account with George W. Collins.

| | |
|---|---:|
| To board and lodgings from Oct. 10th, 1867, to February 24th, 1870, 120 weeks, @ $4.50, | $540.00 |
| To services in taking care of and nursing said Elijah Collins during his last illness, during said years, | 600.00 |
| To necessaries furnished said Elijah Collins during his last illness, during said years, | 400.00 |
| To amount expended for nursing and caring for said Elijah Collins during said time, not included in either of the foregoing items, | 460.00 |
| | $2,000.00" |

The ground of demurrer to the cause of action, claim, or complaint, was, that it did not state facts sufficient to constitute a cause of action.  The statute does not require a

regular complaint in such cases, but only a succinct statement of the nature and amount of the claim. 2 G. & H. 501, sec. 62. This court said in *Hannum* v. *Curtis*, 13 Ind. 206: "The statute to which we have referred, does not require a regular complaint under the ordinary rules of pleading, but merely a succinct statement of the claim, which, it seems to us, will be sufficient when it apprises the defendant of the nature of the claim, of the amount demanded, and shows enough to bar another action for the same demand. These have been ruled to be the requirements of what the law denominates a concise statement of a cause of action in justices' courts, and we perceive no reason why they may not be effective as the proper elements of the statement of a claim against a decedent's estate. R. S. 1843, p. 870, sec. 39; 4 Blackf. 13; 5 Blackf. 40; 11 Ind. 203." See also *Johnson* v. *Kent*, 9 Ind. 252. If the items which make up the amounts of the third and fourth sums in the bill of particulars should have been set forth more specifically, counsel should have asked this by a motion. If any part of the claim was sufficient, a demurrer to it generally could not be sustained. We think the complaint was sufficient, and that the court committed no error in overruling the demurrer thereto.

The defendant's answer consisted of a paragraph of general denial. Second, payment by the deceased in his lifetime. Third, payment by the executor. And fourth, set-off. The plaintiff replied in denial of the second, third, and fourth paragraphs of the answer. Not all the reasons for a new trial stated in the common pleas are relied upon in this court. Such of them as are urged here by counsel we will consider. On the trial, the plaintiff asked several of his witnesses this question: "What, in your opinion, was the care and attention bestowed on deceased worth?" The defendant objected to the question being asked, for the reason that the care and attention bestowed on said deceased were bestowed by said plaintiff and Isabella Custer jointly,

because said Isabella, at the time of this trial, had an action pending in the same court for her services in giving such care and attention, because said services could not be recovered for at all, unless by virtue of an express contract of the deceased to pay for the same, the plaintiff, said Isabella, and the deceased being father and his children at the time of such services, living together as members of one family, and because such contract, if any, was made by the deceased to and with the plaintiff and said Isabella jointly. These objections were not allowed, and the witnesses were permitted to answer the question. In their brief counsel for the appellant say : "Under ordinary circumstances, the question would be unobjectionable. This, however, was an action brought by a son against the estate of his father, to recover for services rendered to the father at a time when father and son and daughter were living together as members of one common family, rendered under circumstances which allowed of no recovery of their value by the plaintiff, except upon express agreement of the deceased to pay therefor. The evidence shows the services to have been rendered by the plaintiff and his sister jointly. The question should have been, 'What were the services rendered by the plaintiff worth?' As the case now stands, George W. Collins has recovered the value of all the services rendered by himself and his sister, and she may recover the value of the services rendered by her in the suit now pending, in which she is plaintiff."

Strictly, the question should have been as to the value of the care and attention bestowed on the deceased by the plaintiff. But we think the question must have been so understood, as it could hardly have been supposed that a compensation for the services bestowed by the sister could be allowed in the action in favor of the plaintiff. The ground of objection, that the son could only recover upon proof of a special contract, was not a valid reason why he should not be allowed to prove the value of the services rendered by him. He had a right to introduce the evidence

of these facts in his own order. It was for the jury to decide whether or not there was proof of the contract or agreement by the deceased to pay for the services, etc. The court could not assume that the contract had not been shown, or would not be shown, as a reason why the value of the services should not be proved. The proof of the contract to pay need not necessarily precede the proof of the value of the services. The order of time in which the party will introduce the evidence in support of the different parts of the action or defence will, generally, be left to the discretion of the party introducing the evidence. *Throgmorton* v. *Davis*, 4 Blackf. 174.

But on another ground, we think there is little or no merit in this objection to the action of the court in this case. The jury found specially in answer to interrogatories propounded by the defendant, that there was a contract between the deceased and the plaintiff, by which the deceased was to pay the plaintiff for the services, that it was not made with the plaintiff and his sister jointly, and that the amount found by them in their general verdict was due to the plaintiff after deducting the amount allowed of the set-off.

The next reason relied upon for a new trial is, that "the court erred in refusing to allow the executor to be sworn, and to testify generally as a witness on behalf of the defendant." There was no error in this ruling. By the express provision of the statute, neither party, in such a case, is competent to testify, unless required by the opposite party, or by the court trying the cause. 3 Ind. Stat. 561, 1st proviso.

It is next insisted that the court erred in allowing the sister of the plaintiff to testify. It is urged that she was equally interested with the plaintiff in the recovery. We think this objection is founded upon a misapprehension of the facts of the case, and is not well founded.

Counsel do not urge the third assignment of error, that is, that the court should have awarded a *venire de novo*. We see no ground for the motion. The general verdict was as follows: "We, the jury, find for the plaintiff and assess

his damages at seven hundred and thirty-six dollars and fifty cents."

There is no ground for the motion for judgement *non obstante veredicto.* The defendant denied generally the complaint, and the plaintiff denied generally the set-off. In such case, we do not see how there could be a judgment for the defendant on the pleadings, or *non obstante veredicto.*

We find no ground for a reversal of the judgment.

The judgment is affirmed, with five per cent. damages and costs.