## Post, Adm'r, v. Pedrick.

PLEADING.—*Contract.*—To a complaint alleging a breach of contract to convey an interest in certain leases, in that the defendant had sold the same to other parties, an answer that the title of defendant was absolute and perfect, and the defendant was ready and willing and offered to comply with his contract, may have amounted to an argumentative denial, but, if so, there was no available error in sustaining a demurrer to it, where an answer of denial also was filed.

SAME.—*Decedents' Estates.—Claims.*—To file a claim against a decedent's estate, it is not required that there be a regular complaint constructed according to the ordinary rules of pleading, but merely a succinct statement of the claim, which will be sufficient when it apprises the administrator of the nature of the claim, and the amount demanded, and shows enough to bar another action for the same demand. Therefore, where the complaint alleged that the claimant had paid to the decedent a certain sum of money, which he had agreed to repay to the claimant in default of conveying to him an interest in certain leases, and that the decedent had conveyed to other persons, it was, on demurrer, held sufficient as an allegation that the decedent had rescinded the contract, and showed a right in the claimant to recover what he had paid.

From the Marion Civil Circuit Court.

*S. Claypool, J. L. Mitchell* and *W. A. Ketcham*, for appellant.

*W. Morrow* and *N. Trusler*, for appellee.

WORDEN, J.—The appellee filed the following claim against the estate of the deceased:

"Pedrick claims of the estate of Gustavus Schurmann, deceased, four hundred and fifty dollars and interest thereon from February 11th, 1868, as follows: He avers that on the 11th day of February, 1868, he paid to Gustavus Schurmann five hundred dollars, which sum the said Schurmann agreed to pay back to him at the end of ten days, or convey to him one-half interest in certain leases of coal oil territory and wells, provided he, the said Pedrick, should elect to take an interest in said leases, as per written contract herewith filed; and he avers that he did not convey to him such interest in said leases, but, on the contrary, sold the same to other parties; that said sum and interest, except fifty dollars, which was afterwards paid back to him by said Schurmann, as will appear by note held by said Schurmann's estate, is now due and wholly unpaid; wherefore," etc.

There was another paragraph for money lent by the plaintiff to Schurmann, for money had and received by Schurmann for the use of the plaintiff, and for money paid by the plaintiff for the use of the deceased.

The written contract referred to in the first paragraph is as follows:

"On last January, 27th, I purchased for sixteen hundred dollars, from Wm. Newman, of Louisville, the two leases he held from Richard Poteet and wife, of Overton county, Tenn., and from B. C. Webb and wife of Putnam, Overton county, Tenn., conveying to him the sole and exclusive right to explore, bore and mine for oil and other things on their lands. I handed said leases to William Pedrick, of Richmond, Ind., to examine the title to said conveyances, and, when found correct, to have the same recorded in the

records of the said counties; and I hereby obligate myself to convey and transfer one-half of my interest in said leases to said Pedrick, for one-half of the said purchase price, in case he pays me the respective money within three months from and after this date; also, the said Pedrick paid me to-day on account of said leases the sum of five hundred dollars, which said money I promise to refund him in case he should find the title to said leases deficient, and therefore prefer not to purchase said one-half interest; further, said Pedrick is to inform me within ten days from and after this date, whether the title to said leases is good or not, and whether he wants to buy said one-half interest therein, for the reason that said William Newman, either wants the purchase-money by the 25th inst., or that his said sale and transfer of the said leases to me be cancelled and annulled.

"Witness my hand and seal at Indianapolis, this 11th day of February, 1868. G. SCHURMANN. [Seal.]"

The defendant demurred to the first paragraph for want of sufficient facts, but the demurrer was overruled, and exception taken.

Answer, first, general denial; fourth, in substance, that both paragraphs of the complaint were for the same thing; that the money received by the deceased was received under and by virtue of the written contract, which is made a part of the answer, and "that the title of said Newman and said decedent was absolute and perfect, and said decedent stood prepared and ready, and was willing and anxious at all times, to comply with his said contract as set forth in said memorandum, and offered to perform all and singular the conditions in said memorandum expressed; and the defendant has, since his appointment, been ready and willing to perform the contract of said decedent, and is now ready and willing, upon the performance by said plaintiff of his said contract, to transfer and assign to plaintiff the half interest in all of said leases."

A demurrer for want of sufficient facts was sustained to the fourth paragraph of answer, and exception.

Trial by jury, verdict and judgment for the plaintiff for five hundred and eighty-seven dollars and twenty-five cents, the defendant having interposed an unsuccessful motion for a new trial.

Errors are assigned upon the rulings on the demurrers. We will consider the fourth paragraph of the answer first.

The allegation in the answer of a constant readiness and willingness to perform cannot be reconciled, in any mode that occurs to us, with the allegation in the complaint that Schurmann had sold the interest to third parties.    The allegations of the answer, however, may amount to an argumentative denial of the matter thus alleged in the complaint; but, if so, no available error was committed in sustaining the demurrer to the paragraph of answer, inasmuch as the whole complaint was put in issue by the general denial. The matters alleged in the answer could have been given in evidence under the general denial, because they would tend to negative the allegations of the complaint.

Was the first paragraph of the complaint good?   It goes upon the theory that as Schurmann had put it out of his power to comply with his contract, by selling the interest to other parties, the plaintiff had a right to treat the contract as rescinded, and recover back what he had paid upon it.

In *Hannum* v. *Curtis*, 13 Ind. 206, it was held that the statute on the subject of filing claims against estates did "not require a regular complaint under the ordinary rules of pleading, but merely a succinct statement of the claim, which, it seems to us, will be sufficient when it apprises the defendant of the nature of the claim, of the amount demanded, and shows enough to bar another action for the same demand."   See, also, *Ginn* v. *Collins*, 43 Ind. 271.

We are of opinion, in view of the above authorities, that the first paragraph was sufficient, though the facts showing the plaintiff's right to rescind and recover back what he had paid are rather meagrely stated.

One of the reasons assigned for a new trial was, that there

was error in the assessment of the amount of the recovery, it being for too large a sum.

As we have concluded that the amount was too large, and that for this reason the judgment will have to be reversed, it will be unnecessary to consider other reasons for which a new trial was asked.

The amount of the recovery was the four hundred and fifty dollars demanded, with the interest thereon from February 11th, 1868, up to the time of the verdict.

The defendant pleaded payment by the intestate, and it was proved that on June 25th, 1868, Schurmann gave Pedrick a bank check for fifty dollars; and again a like check for the same amount on July 20th, 1868. The following receipt was also given in evidence:

"Repaid me by G. Schurmann again from the payment I made him on last February 11th, on account of my half interest in the Webb & Poteet leases in Overton county, Tenn., thirty-five (35) dollars, on this Sept. 14th, 1868.

"WILLIAM PEDRICK."

The above receipt speaks for itself; and there was no evidence to show that the two checks above mentioned pertained to any other transaction, or were given for any other purpose; nor was it shown that the parties then had any business transactions, or that Schurmann owed the appellee any other debt. We think it clear that the two checks and the receipt should have been allowed the appellant as payments on the claim sued upon. There were two other checks previously given by Schurmann to Pedrick, each for fifty dollars, one dated March 11th, 1868, and one March 27th, of the same year, which perhaps should not have been allowed, inasmuch as there was some evidence tending to show that Pedrick was then engaged in the oil business either with or for Schurmann, and perhaps it might be inferred that the checks had relation, in some way, to that business.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.