## BRYSON, ADMINISTRATOR, *v.* KELLEY.

DECEDENTS' ESTATES.—*Pleading.*—*Exhibit.*—Where a claim is filed against a decedent's estate for money collected on a note belonging to the claimant by the deceased in his lifetime and appropriated to his own use, such note need not be filed with the claim.

SAME.—Where a claim was filed against a decedent's estate, founded on an alleged agreement by which the claimant sold certain lands to the deceased in his lifetime for a certain sum, on condition that the latter should resell said lands, and that whatever he should realize over said sum, deducting expenses therefrom, should be refunded to the claimant; and it was alleged that the deceased sold the lands for a certain sum,

larger than the price paid by him to the claimant, and refused to pay the difference;.

*Held*, that it was not necessary to file such agreement with the claim.

. From the Huntington Circuit Court.

*Sayler & Kenner* and *Branyan & Watkins*, for appellant.

*Ibach & Stults*, for appellee.

BIDDLE, J.—Margaret J. Kelley filed an account against the estate of Lorenzo D. Van Becker for money collected on a note by the deceased in his lifetime and appropriated to his own use; also a claim founded on an alleged agreement, by which said Margaret sold certain lands in Wabash County to the deceased for three thousand five hundred and eighty-two dollars, on condition that said deceased should resell the lands, and whatever he realized over said amount, deducting expenses therefrom, should be refunded to the said Margaret; that he sold the land for four thousand eight hundred and ten dollars, and refused to pay the difference.

Demurrers, alleging an insufficient statement of facts as cause, were overruled to each of these claims, and exceptions taken.

An answer of general denial and five special paragraphs was filed against the claims, and issues formed upon the latter by a reply of general denial. Trial by jury. Verdict for one thousand four hundred and forty-six dollars and seventy-five cents. Judgment on the verdict, over a motion for a new trial, and exceptions.

The ground of demurrer taken against the first account was, that the note was not filed with the complaint. This was not necessary. It was not founded upon the note, but upon the money collected upon the note and converted by the deceased.

The same ground of demurrer was taken against the second account, but we think without effect. It counts upon the difference between the amount of the purchase and sale of the lands; and after the sale was made and the agreement became executed, it was not necessary to file it with the complaint. We think that both accounts are sufficiently

stated. In such cases, a succinct statement is all that is required. *Ginn* v. *Collins*, 43 Ind. 271; *Post* v. *Pedrick*, 52 Ind. 490.

It is also forcibly urged, that the evidence, which is all in the record, does not support the verdict.

There is evidence tending to show that there was such an agreement made as is set out in the second paragraph of the complaint. It shows a mortgage made by James E. Kelley and the appellee to the deceased, on certain lands in Wabash county, to secure certain notes; and shows a conveyance by deed, of a later date, of the same lands, to Robert K. Rhodes, by the deceased; but we can find no evidence of any sale of lands by the appellee to the deceased, as alleged in the second paragraph of her complaint, nor that the land was ever sold under the mortgage. For aught that appears in the case, the title of the lands is still in the appellee, or in the estate of James E. Kelley, or in his heirs, subject to the mortgage above stated; at least, it is nowhere shown to have been sold or conveyed to the deceased. For the want of this link in the chain of evidence, the judgment must be reversed.

The judgment is reversed; cause remanded, with instructions to sustain the motion for a new trial, and to further proceed, etc.