Dodds, Adm'r, v. Dodds.

---

DODDS, ADM'R, v. DODDS.

DECEDENTS' ESTATES.—*Claim.*—*Pleading.*—A plain and succinct statement, duly verified, without the formality usual in a complaint, is all that is required in a claim filed on account against the estate of a decedent.

PRESUMPTION.—*Judgment.*—*Settlement.*—Matters of account existing between parties prior to the rendition of a money judgment in favor of one, against the other, are presumed to have been settled before its rendition.

SAME.—*Payment.*—*Lapse of Time.*—The mere lapse of almost three years' time from the rendition of a judgment is not ground for presuming that it has been paid.

From the Shelby Circuit Court.

*J. B. McFadden*, for appellant.

*O. J. Glessner, J. T. Hockman, S. H. Buskirk* and *J. W. Nichol*, for appellee.

BIDDLE, J.—Matthew M. Dodds filed his claim against the estate of John M. Dodds, of which Perry P. Dodds was the administrator, in the following words and figures:

"The estate of John M. Dodds, deceased, in account with M. M. Dodds:

| | |
|---|---:|
| "August 5th, 1867, quart whiskey, | $1 00 |
| "February 12th, 1868, " " | 1 00 |
| "March 8th, 1868, " " | 1 25 |
| "June 29th, 3 quarts in my absence, | 3 00 |
| "July 7th, to balance owing on trip West, | 11 20 |
| "July 7th, to order of Slocum, | 100 00 |
| "December 17th, whiskey, | 1 00 |
| "September 29th, 1869, | 1 00 |
| "February 13th, 1869, to check, $43 85,⎱ Labor for filling, . . 25,⎰ | 44 10 |
| "April 1st, 1869, whiskey, | 1 00 |
| "April 5th, " check, | 100 00 |
| "May 7th, " check, | 50 00 |
| "May 22d, cash paid Mrs. Frazier, | 50 00 |
| Cash received of M. M. Dodds, | 16 00 |
| "May 24th, check, | 100 00 |
| "July — whiskey, | 1 00 |
| "Dec., 1869, " | 2 00 |
| "June 8th, 1870, cash paid by Slocum, | 252 70 |
| "May 23d, 1869, check omitted at time, but I found in check-book Oct. 12th, 1872, and now ch'd, . . . . . . | 50 00 |
| "Bringing J. M. Dodds' son's remains, and coffin and expressing at Chattanooga, | 100 00 |
| "Travelling expenses in this charge, etc., | 100 00 |

Cr. By.

"Dec. 26th, 1868, by lard,      .    .    $  4 40
" By 21 bushels barley, $2 10,      .    .     44 10
" 1869, by wheat settled and put on books
    and receipted, given up, making together, 206 25

                                           $254 75
"May 15th, 1873, interest,    .    .        .     . 113 67

        " Balance due,   .      .      .      .   $945 17
    " State of Indiana, Shelby county.
    " Before the clerk of the common pleas of said county
and State, came Matthew M. Dodds, who, being by me
duly sworn, says, that the annexed in favor of Matthew
M. Dodds, against the estate of John M. Dodds, deceased,
is correct, that no payments have been made thereon ex-
cept ———— thereon given, that there are no set-offs
against the same to his knowledge and belief, that the
balance shown in said claim, to wit, seven hundred and
forty-five and 17-100, is now justly due and owing to said
claimant; all of which he verily believes.
                                    " M. M. Dodds.
    " Subscribed and sworn to before me on the 16th day
of May, 1873.            John Elliott, Clerk."
    The administrator demurred to the claim, which stands
in the place of a complaint, because, as he alleged, it did
not state facts sufficient to constitute a cause of action.
    The demurrer was properly overruled. The complaint is
sufficient.   Ginn v. Collins, 43 Ind. 271.
    The administrator answered by a general denial, under
which the parties agreed that he might "introduce all
evidence legitimate to his defence."
    Trial by jury, and verdict for appellee for eight hun-
dred and sixty-six dollars.
    Questions of law in giving certain instructions to the
jury, and the sufficiency of the evidence to sustain the
verdict, are properly raised by a motion for a new trial.

After the appellee had introduced his evidence tending to support his claim, he introduced a judgment founded on two promissory notes in favor of the decedent, rendered in the Shelby Common Pleas Court, March 19th, 1872, against the appellee, for twelve hundred and eighty dollars and seventy-five cents.

In answer to this judgment, the appellee introduced five several checks on The First National Bank of Shelbyville, all dated in the year 1869, and amounting in all to three hundred and forty-three dollars and eighty-five cents, and claimed that they were payments made on the notes upon which the judgment was rendered, but had never been credited either on the notes or the judgment.

It will be noticed that these checks, which correspond with those set out in the claim, and all the items in the claim filed by the appellee, except the interest charged, are dated nearly three years anterior to the rendition of the judgment, and must therefore be presumed to have been settled before that time.

The evidence is all before us, but there is none showing, or in the least tending to show, that the judgment introduced in evidence, or any part of it, has been paid. Even the claim filed does not amount to as much as the judgment.

The argument of the appellee, in answer to these facts, is as follows:

" There is not a syllable of testimony in the record going to prove that this judgment was an existing debt against the appellee at such time, and yet the counsel for the appellant insists that the evidence shows the appellee owing said judgment, which was rendered nearly three years prior to the trial of this cause."

This reasoning is unsound. The judgment, on its face, shows, that it " was an existing debt against the appellee " at the time. A judgment is not presumed to be paid in " nearly three years " after its rendition. The onus of the proof of its payment or satisfaction was on the appellee; and, as he has introduced no evidence to prove its pay-

ment or satisfaction, it must be held as in force against him.

Under this rule of law, the verdict is so clearly unsustained by evidence that we need not consider the case any further.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the motion for a new trial.