## HUSTON, ADMINISTRATOR, *v.* STEWART.

CONTRACT.—*Proposition, and Promise to Pay, for Conveyance.—Complaint to Recover Purchase-Money.— Copy.—Administrator of Estate of Surviving Partner.*—In an action against the administrator of the estate of an intestate surviving partner, by the widow of a debtor of the partnership,

the complaint contained a copy, and specifically alleged a compliance with the terms, of a writing executed by the partnership, as follows, viz.: " Mr. S." (the debtor) " requests us to say to you, in writing, what we will pay you, in addition to the claim he and you owe us. We will give you, by you and your husband giving us a clear title of a deed for the farm that is mortgaged to us, three hundred dollars." Prayer for a recovery for the purchase-money.

*Held,* on an assignment of error questioning, for the first time, the sufficiency of the complaint, that the writing is not the foundation of the action, and that the complaint is sufficient.

SAME.—*Statute of Frauds.—Executed Contract.*—Upon a conveyance of the lands referred to in such writing, the contract ceased to be merely executory, became executed, and was not within the statute of frauds.

SAME.—*Answer Alleging Encumbrance.—Reply Alleging Indemnity.—Abandonment of, by Failure to Give Evidence Under.*—The defendant in such action answered, that, prior to such conveyance, a judgment had been rendered which was a lien upon the land conveyed; to which the plaintiff replied that the deceased partners had retained, by agreement, a sum of money belonging to the debtor, sufficient to indemnify them against such judgment; and also, in another paragraph, that the amount of such judgment was much less than the sum agreed to be paid for the conveyance, and judgment was demanded for the residue ; but on the trial no evidence was offered in support of the reply alleging indemnity.

*Held,* that the reply of indemnity was abandoned, and that the supreme court therefore need not consider it.

*Held,* also, on demurrer to such other reply, that it is sufficient.

SAME.—*Evidence.—Identifying Lands.—Admissions.—Record.—Acceptance.—Presumption.*—On the trial of such action the plaintiff introduced in evidence, over the defendant's objection, the writing copied into the complaint, proof of its possession by the plaintiff prior to the conveyance, certified copies of the record of such mortgage and conveyance, and also the deed under which the debtor held.

*Held,* that the evidence was competent.

*Held,* also, that the lands intended by the writing are identified by the mortgage and deed.

*Held,* also, that the fact that the deed was of record was *prima facie* evidence of its acceptance by the grantees.

SAME.—*Interest.—Excessive Damages.—Presumption.*—Interest on the contract price being proper, and having been allowed. and judgment having been rendered simply for the contract price, it is presumed by the Supreme Court, the contrary not appearing by the record, that the judgment lien on the land was liquidated by the interest computed.

SAME.—*Judgment Against Decedent's Estate.*—Judgment in such action was properly rendered payable out of the assets of the decedent's estate.

From the Fayette Circuit Court.

*J. C. McIntosh* and *C. Roehl*, for appellant.

*T. M. Little* and *J. I. Little*, for appellee.

Perkins, J.—A complaint as follows was filed in the Fayette Circuit Court:

"Mary A. Stewart, the plaintiff in the above entitled cause, complains of James N. Huston, administrator of the estate of William Huston, who was surviving partner of the firm of J. & W. Huston, and says that on the 15th day of February, 1870, James and William Huston were partners in trade under the firm name of J. & W. Huston; that at said date said J. & W. Huston, by their obligation in writing, a copy of which is filed herewith and made part hereof, promised to pay this plaintiff the sum of three hundred dollars, provided and upon this consideration that the plaintiff and her husband, William C. Stewart, now deceased, should convey to said firm a tract of land or farm, by deed giving to said firm a clear and unincumbered title to said tract of land, being the farm of the said Wm. C. Stewart upon which said firm then held a mortgage, and was situate in the county of Rush and State of Indiana, and described as follows, to wit: the north-west quarter of section fifteen, in township fifteen north, of range ten east. The plaintiff alleges that she, relying upon the said promise of said firm to pay her three hundred dollars, did, on the 15th day of February, 1871, join her said husband in conveying to said firm, by good and sufficient deed of general warranty, the premises heretofore described, a copy of which deed is filed herewith. The plaintiff alleges that said James Huston, one of the members of said firm, departed this life on the —— day of ——, ——, leaving William Huston sole surviving partner of said firm; that said William Huston took upon himself the settlement of the partnership business of said firm, but before the full settlement of the same he died intestate, on the—— day of ———, 1873, and the

Huston, Administrator, *v.* Stewart.

defendant, James N. Huston, was appointed administrator of said decedent; that he qualified and took upon him the settlement of said William Huston's estate, and the settlement of the remaining portion of said partnership business. The plaintiff alleges that her claim, as evidenced by the aforesaid obligation in writing, is now justly due and wholly unpaid; that she ought, as she believes, to recover the sum of three hundred dollars, with interest thereon from the 15th day of February, 1871. Wherefore," etc.

Copy of written obligation mentioned in the above complaint:

"Mr. Stewart requests us to say to you, in writing, what we will pay you in addition to the claim him and you owe us. We will give you, by you and your husband giving us a clear title of a deed for the farm that is mortgaged to us, three hundred dollars.        J. & W. HUSTON."

Whereupon the defendant answered as follows:

1. The general denial;

2. Payment by the firm of J. & W. Huston, during its existence; and,

3. That the plaintiff and her husband, William C. Stewart, never performed the condition mentioned in the written proposition mentioned, in this, that the deed to the land alleged in the answer did not convey the land clear and free of all incumbrance, to the said J. & W. Huston; that on the 24th day of January, 1871, being twenty-two days before the execution of said deed, one William J. Hankins recovered a judgment against the said William C. Stewart, in the Rush Circuit Court, of the county of Rush and State of Indiana, for the sum of three hundred dollars, which judgment yet remains of record in said court, a lien upon said land, unpaid and unsatisfied, etc.

A demurrer to the third paragraph of answer for want of facts was overruled, and exception entered.

A reply in denial of the second and third paragraphs of

answer was then filed, and a second paragraph of reply to the third paragraph of answer, as follows :

" That the said firm of J. & W. Huston retained, by agreement of the parties, a sufficient sum of money, from moneys in its hands belonging to said William C. Stewart, to fully pay the said judgment of William J. Hankins, set up in the third paragraph of answer, and that said sum was so retained as an indemnity to them against said judgment, and that said firm never accounted for said money to said William C. Stewart, or to any person entitled to receive the same. Wherefore," etc.

And the plaintiff replied further, in a third paragraph, to the third paragraph of answer, " that the judgment mentioned by the defendant, as having been obtained by William J. Hankins, in the Rush Circuit Court, against William C. Stewart, amounted to but eighty-five dollars. Wherefore she prays judgment for the remainder of her claim in this suit."

A demurrer, for want of facts, was overruled to the above paragraphs of reply, and exceptions entered.

The cause was then tried by the court; a finding made for the plaintiff, in the sum of three hundred dollars, and, over a motion for a new trial, judgment was rendered on the finding.

The reasons assigned in the motion for the new trial were :

1. Finding of the court not sustained by evidence ;

2. Said finding is contrary to law ;

3. Said finding is excessive in amount; and,

4. Error of the court in admitting each of four items of evidence, viz., the letter from the Hustons, set out in the complaint; the certified copy of the mortgage of William C. and Mary Ann Stewart to the Hustons on the farm mentioned in the complaint; the deed of said Stewart and his said wife, made to the Hustons pursuant to the

proposition from them, copied into the complaint, to pay three hundred dollars, in consideration of a clear deed; and the deed of James W. and Margaret T. Stewart to William C. Stewart.

The objection to each of these items was, that it was "incompetent, irrelevant and immaterial."

The assignment of errors is as follows:

1. The complaint of the appellee, Mary A. Stewart, in the court below, does not state facts sufficient to constitute a cause of action;

2. The court erred in overruling appellant's demurrer to the second paragraph of reply to the third paragraph of answer;

3. The court erred in overruling the demurrer to the third paragraph of reply to the third paragraph of answer;

4. The court erred in overruling the motion for a new trial; and,

5. The court erred in rendering judgment against appellant, and that the same be paid out of the assets in his hands belonging to the estate, etc.

A synopsis of the evidence introduced on the trial may properly be given here:

It was admitted "that James N. Huston, the defendant, is the administrator, as charged in the plaintiff's complaint." The genuineness of the signature of the firm of Huston & Huston, to the letter thereof, set out in the complaint, was proved, and the possession of the letter by the plaintiff, soon after its date. The duly certified copy of the record of a mortgage, properly recorded in Rush county, Indiana, executed February, 1867, by William C. Stewart and Mary A. Stewart, his wife, of Rush county, Indiana, to James and William Huston, of Fayette county, Indiana, upon the following premises, viz.: "The northwest quarter of section fifteen, in township fifteen north,

of range ten east, in Rush county, Indiana, to secure," etc., was next given in evidence. This was followed by a duly certified copy, from the proper record of Rush county, Indiana, of a warranty deed to the same land described in the above mortgage, executed on the 15th day of February, 1871, by William C. ‘Stewart and Mary A. Stewart, his wife, of Rush county, Indiana, to James and William Huston, of Fayette county, Indiana, and recorded on the 3d day of March, 1871.

It was proved that Mary A. Stewart, the plaintiff, was the wife of William C. Stewart, and had been for more than twenty years; that said William C. died in 1873 or 1874. The deed to him of the land from his grantor, dated 31st of January, 1867, duly executed and recorded, was then introduced in evidence. The defendant then read as evidence a duly certified transcript of a judgment for eighty dollars and forty cents, and costs, as set up in the third paragraph of answer.

The above is substantially all the evidence in the case.

The counsel for the appellant make the following points in their brief in this court, against the correctness of the action of the court below:

1. That the suit is upon the letter made an exhibit in the complaint, signed J. & W. Huston; that said letter is void by the statute of frauds, and could not be the foundation of an action;

2. That the second and third paragraphs of reply did not avoid the third paragraph of answer;

3. That the motion for a new trial should have been sustained, on account of errors occurring at the trial, in this, that the court erred in admitting in evidence the said letter of J. & W. Huston, and in rendering judgment for so large an amount, the same having included interest on the claim when there had not been a demand for pay-. ment, and the judgment should not have been made

payable out of the assets of the estate of William Huston.

We shall confine ourselves, in deciding the cause, to the points urged by counsel in their brief in this court.

1. The complaint in the case contains somewhat of a narrative of the transactions out of which grew this suit, and, in so doing, sets out a copy of the letter of the Hustons, promising to pay the plaintiff three hundred dollars for a conveyance of land. That letter, as a proposition for the purchase of land, may have been insufficient as a cause of action, but we do not regard it as the foundation of the action in this case. The complaint avers that the land had been conveyed to the Hustons. Under that allegation, without an averment of request, where the complaint was attacked for the first time in an appellate court, a recovery by the plaintiff could be upheld. Stephen Pleading, 146.

In *Brackett* v. *Evans*, 1 Cush. 79, in which case the statute of frauds was insisted upon as a defence, METCALF, J., in delivering the opinion of the court said : " Besides, the contract is executed by the plaintiff, and the defendant has received a conveyance of the houses, on the faith of his promise to pay the taxes thereon, so that the statute would not avail him, if his promise had originally been within it. A party who receives a grant of land, on his promise to pay for it, cannot avoid payment by showing that his promise was not in writing." *Sands* v. *Thompson*, 43 Ind. 18, and cases cited. A suit could not have been maintained upon said letter for the three hundred dollars till there had been a conveyance or tender thereof of the land, for that money was only to be due and payable upon such conveyance. When such conveyance was made the money would be due in consideration of the conveyance ; and, in a complaint to recover the consideration for such conveyance, it would be necessary to aver only that the conveyance was made upon the request or promise to pay of the grantee ; and it would not be

material whether that request or promise was made in writing or by parol.

In the case at bar, the complaint avers that the conveyance was made upon a request or promise to pay, and sets out, unnecessarily, the letter in question as showing the fact. It would have been sufficient to aver the simple request or promise, but setting out the letter did no harm. We regard this suit as brought for the consideration for the conveyance of the land, and upon a sufficient complaint. It was not attacked by motion or demurrer so far as appears to this court. Under the code, a complaint is required, as to its material allegations, to state only the facts. Forms of action are abolished. 2 R. S. 1876, p. 53.

The third paragraph of answer avers that the land was not conveyed free of incumbrance, and that it was subject to the lien of a judgment.

The second paragraph of reply to said paragraph of answer was, that said Hustons had in their hands money of said William C. Stewart, the husband of the appellee, in an amount equal to the amount of said judgment, which, by agreement of the parties, said Hustons retained as an indemnity against said judgment, and had never otherwise accounted for to the appellee or any other person.

The third paragraph of reply stated that said judgment was for the sum of eighty-five dollars only, while the appellee's demand was three hundred dollars, and asked judgment for the amount that her claim was in excess of said judgment.

As to the second paragraph of reply, it was virtually abandoned. No evidence was offered in support of it on this trial. It need not therefore be further noticed.

The third paragraph of reply we regard as valid. It shows that the lien of the judgment, set up in the answer, was harmless.

We proceed to the alleged error in overruling the motion for a new trial:

The principal ground of that motion was the admission of alleged illegal items of evidence; and first, the letter of the Hustons.

We re-copy that letter:

"Mr. Stewart requests us to say to you, in writing, what we will pay you, in addition to the claim him and you owe us. We will give you, by you and your husband giving us a clear title of a deed for the farm that is mortgaged to us, three hundred dollars.     J. & W. Huston."

This letter shows on its face, that it is written to a Mrs. Stewart; that the Mr. Stewart, who is her husband, owns a farm that is mortgaged to said Hustons. There was evidence showing that the owner of that farm was William C. Stewart, and that he was the husband of the appellee, the plaintiff below. The mortgage upon that farm was given in evidence. The person to whom the letter was written was thus identified. Further, that farm was conveyed, by warranty deed, after said letter was written, to the writers of the letter, the Hustons, and accepted by them. Their acceptance of the deed was, *prima facie*, shown by the fact that it was legally recorded. The presumption is, that they delivered it for record There is no evidence rebutting this presumption. Thus, the land referred to in the letter is conclusively identified by the acts of both parties. Under such circumstances, why would not that letter be admissible in evidence, to prove the amount to be paid for the land?

In Benjamin on Sales, sec. 205, 1st Am. ed., 1875, a very excellent work, it is said:

"And where a party has signed a paper which is not a writing agreed upon between the two, as containing the terms of their agreement, his adversary may use the paper, if he please, as an admission made in his favor, but he is not bound to offer it, any more than he would be bound to prove a verbal admission of his adversary, nor is the effect of a

written any greater than that of a verbal admission. In a word, it is always necessary to distinguish whether the writing is the contract of *both* parties, or the admission of *one* "

In the case at bar, the contract between the parties was a verbal one, executed, at the time it was made, by the conveyance of the land of Mr. Stewart, and the acceptance of it by the Hustons, to whom it was made. It has been conclusively shown that the letter of the Hustons referred to the land in question, and, in our opinion, it was clearly admissible in evidence, as an admission, by them, of the sum they were to pay for the land, if conveyed.

The other items of evidence, claimed to have been illegally admitted, were legally admitted.

We can not say the court erred in allowing interest. Interest being allowed, the judgment was for the proper amount, after deduction of the eighty five-dollar judgment. *Killian* v. *Eigenmann*, 57 Ind 480.

The judgment was properly made payable out of the assets of Huston's estate in the hands of his administrator. Each one of the Hustons, as well as both, were bound for the ultimate payment of the purchase-money of the land.

The judgment is affirmed, with costs.