## RAMSEY, ADMINISTRATOR, v. FOUTS.

DECEDENTS' ESTATES.—*Jurisdiction of Circuit Court.—Amendment.—Promissory Note.*—A claim was filed against the administrator of an estate, in

the form of an open account for money paid for the decedent. It was entered upon the appearance docket, refused, and transferred to the issue docket. A demurrer for the want of facts was sustained to the claim. By leave of the court, an amendment to the claim was filed, setting out a promissory note made by the deceased to the plaintiff for a larger amount than the claim, but giving credits which reduced it to the same amount, and averring that the consideration of the note was money paid for the deceased by the plaintiff, as stated in the original claim, which was made a part of the amended complaint.

*Held*, that the circuit court had jurisdiction over the subject-matter, and that there was no necessity for the amendment, as the original complaint was sufficient.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager*, for appellant.

*W. N. Tracewell* and *R. J. Tracewell*, for appellee.

BIDDLE, J.—The appellee filed a claim against the appellant, as the administrator of the estate of Patrick Connally, deceased, in the form of an open account for money paid for the deceased. The claim was entered upon the appearance docket by the clerk, but the administrator refused to admit it. The clerk then transferred it to the issue docket. The administrator appeared and demurred to the claim, alleging as ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and granted leave to amend, whereupon the appellee filed an amendment to the claim, setting out a promissory note made by the deceased to the appellee, for a larger amount than the claim, giving certain credits which reduced it to the same amount as the claim, and averring that the consideration of the note was money paid for the deceased by the appellee as stated in the original claim, which was made a part of the amended complaint.

To this the appellant, without making any objection to the amended claim, answered:

1. A general denial;

2. Payment:

3.   A special denial, which amounts to no more than a general denial.

Trial by the court, and finding for appellee ; motion for a new trial, overruled ; exceptions ; judgment on the finding ; appeal.

The assigned errors in this court are :

1.   The court had no jurisdiction of the subject of the action ;

2.   Overruling the motion for a new trial.

The circuit court is a court of general common-law jurisdiction ; also having, by statute, special jurisdiction over decedents' estates.   Upon what ground it can be said that it had no jurisdiction over the subject-matter of the action in this case is more than we know.   The appellant thinks that after the amendment to the original claim was made, setting out a promissory note of a larger amount than the claim, and being different from an account, the court had no longer any jurisdiction over the subject-matter.   We can not concur in this view.   In the first place we can see no necessity for the amendment.   The original account was sufficient.   *Hannum* v. *Curtis*, 13 Ind. 206 ; *Ginn* v. *Collins*, 43 Ind. 271 ; *Post* v. *Pedrick*, 52 Ind. 490 ; *Bryson* v. *Kelley*, 53 Ind. 486 ; *Dodds* v. *Dodds*, 57 Ind. 293 ; *Huston* v. *Stewart*, 64 Ind. 388.

In the second place, the cause of action stated in the amendment, and the cause of action stated in the original account filed, are for the same money, and are so averred to be in the amendment; that is, the balance due on the note, and the account, are the same thing.   The court had jurisdiction over the subject-matter, beyond all doubt, in our minds.

The only cause assigned for a new trial is that the finding is not sustained by sufficient evidence, and is contrary to law.

We think the finding is fairly sustained by the evidence ;

and wherein it is contrary to law has not been shown to us. The finding, in our minds, is according to the law of the case, and the facts proved.

The judgment is affirmed, at the costs of the appellant, to be levied of the assets of the estate yet to be administered.