Davis *et al.*, Administrators, *v.* Huston *et al.*, Administrators.

No. 8775.

DAVIS ET AL., ADMINISTRATORS, *v.* HUSTON ET AL.,
ADMINISTRATORS.

DECEDENTS' ESTATES.—*Administrator's Right to Appeal.*—*Bond.*—*Statute Construed.*—Section 193 of the act concerning decedents' estates, 2 R. S. 1876, p. 557, construed with sections 189 and 190, authorizes an administrator who appeals from a judgment against him in favor of an estate, to do so without filing a bond, and does not require him to take the appeal within thirty days.

SAME.—*Sufficiency of Claim.*—A claim filed against an estate is sufficient if it apprise the opposite party of the nature of the claim, and is sufficient to bar another action for the same demand.

SAME.—*Evidence, Insufficiency to show Non-Residence of Administrator, in Supreme Court.*—The fact that an affidavit attached to a claim filed against an estate by an administrator was made in an adjoining State, and recites that the claimant's decedent was late of said county, does not establish the fact in the Supreme Court, that the claimant is a non-resident administrator.

From the Wayne Circuit Court.

*W. A. Peelle* and *D. W. Comstock*, for appellants.

*C. H. Burchenal*, for appellees.

BEST, C.—The following claim was filed by the appellants against the estate represented by the appellees:

" William Huston, James N. Huston and James H. Jervis, administrators of the estate of Thomas Huston, deceased, Dr., to John M. Davis and Jacob J. Burtner, administrators of the estate of Benjamin Huston, deceased, for money had and received from the Wayne County Joint Stock Agricultural Association and William Wagner, as hereinafter shown, by the said Thomas Huston, in his lifetime, belonging to the said Benjamin Huston, and so as aforesaid received by said Thomas for the use of said Benjamin, and never by the said Thomas in his lifetime, or by his said administrators since his death, paid over to said Benjamin in his lifetime, or to his administrators since his death, to wit:" and then follows an itemized account, showing the dates, amounts and sources from which

the several sums were received, to which was appended an affidavit in the usual form by the appellant John M. Davis.

A demurrer for want of facts was sustained to this claim; and, the appellants declining to further plead, final judgment was rendered against them. They appeal and assign this ruling as error.

The appellees move to dismiss the appeal, because no bond was filed as is required by sections 189 and 190 of the decedents' act, and this question will first be considered. Section 189 provides that " Any person considering himself aggrieved by any decision of a court * * * growing out of any matter connected with the decedent's estate, may prosecute * * * an appeal to the * * Supreme Court, upon filing with the clerk of such court * * a bond, * * * with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, and the payment of all costs, if costs be adjudged against the appellant."

Section 190 provides that " Such appeal bond shall be filed within thirty days after the decision complained of is made, unless for good cause shown, the court to which the appeal is prayed, shall direct such appeal to be granted on the filing of such bond within one year after such decision."

This court has already decided that an appeal from a decision upon any matter growing out of, or connected with, a decedent's estate, must be taken in pursuance of these sections of the statutes. *Seward* v. *Clark*, 67 Ind. 289; *Bell* v. *Mousset*, 71 Ind. 347.

These cases hold that a bond must be filed in order to appeal, and are decisive of the question in all similar cases. Neither of them, however, was like the present case. In this case, administrators appeal from a judgment in favor of an estate, without filing a bond, and in this respect it differs from the above cases.

Section 193 provides that " In any appeal prayed for by an executor, administrator or guardian, from the decision of any

court, it shall not be necessary for such person to file an appeal bond."

This section expressly authorizes an administrator to appeal without filing a bond; while section 189 seems to require every appellant who appeals from a decision upon a matter growing out of, or connected with, an estate to file a bond if such decision is in favor of the estate. This appeal is by administrators from such a decision. In such case it is manifest that both sections can not be literally pursued. If the former must be observed, a right secured by the latter is denied; and if the latter is followed, the former can not be observed. These sections authorize an appeal and must be so construed as to adapt themselves to all cases. The theory of our system is not to require administrators to assume personal responsibility in such cases; otherwise many meritorious cases would remain unprosecuted, as the mere duty of an administrator would scarcely induce him to assume such liability. Again, all administrators should be allowed an appeal upon the same terms, and with these ends in view these sections may be construed so as to require all persons, other than those mentioned in section 193, to file a bond in order to appeal; and, in appeals by such persons, no bond shall be required, though the appeal is taken from a decision in favor of an estate. Thus construed, the statute adapts itself to all cases, and enables all persons acting in a fiduciary capacity to appeal upon the same terms. The motion can not be sustained.

Was the claim sufficient? We think it was. It has several times been held that the statute upon the subject of filing claims against estates does not require a regular complaint under the ordinary rules of pleading, but merely a succinct statement of the claim, and that such statement is "sufficient when it apprises the defendant of the nature of the claim, of the amount demanded, and shows enough to bar another action for the same demand." *Hannum* v. *Curtis*, 13 Ind. 206; *Ginn* v. *Collins*, 43 Ind. 271; *Post* v. *Pedrick*, 52 Ind. 490.

This statement shows the nature of the claim, the amount demanded, and enough to bar another action for the same demand. It is insisted that the suit is against the appellees in their individual and not in their fiduciary capacity, and, thus considered, the complaint stated no cause of action. We can not adopt this view. The claim does not purport to be against them or either of them individually, but its title and its averments show clearly that it was a claim against the estate which they represented. It was clearly good, and the court erred in sustaining the demurrer to it. For this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellants' costs, with instructions to overrule the demurrer and for further proceedings.

## ON PETITION FOR A REHEARING.

BEST, C.—On this petition the appellants insist that an administrator must appeal from a decision growing out of any matter connected with a decedent's estate within thirty days, and as this appeal was not taken within that time it should be dismissed. This precise point was decided adversely to appellants in the case of *Bake* v. *Smiley, ante,* p. 212.

They also insist that whatever the rule may be as to domestic administrators, foreign administrators must appeal within thirty days, and as the appellants are foreign administrators and the appeal was not taken within thirty days, it should be dismissed. Without deciding that a different rule pertains to foreign administrators, we will say that it does not appear that the appellants are such administrators. It is true that the affidavit attached to the claim appears to have been made in Ohio, and that it recites the fact that "John M. Davis, one of the administrators of the estate of Benjamin Huston, late of said county, deceased," was sworn, etc., but these things do not establish the fact. In the absence of a showing establishing

the fact that appellants are foreign administrators the question discussed does not arise. The petition should be overruled.

PER CURIAM.—The petition is overruled.