Filed April 2, 1884.

---

## No. 11,115.

## STAPP ET AL., ADMINISTRATORS, *v.* MESSEKE, EXECUTOR.

DECEDENTS' ESTATES.—*Claim.*—*Joinder of Separate Causes in One Claim.*— *Action by Widow.*—*Property of Another Converted by Administrator.*—A claim by a widow against an estate alleged that the decedent, at the death of plaintiff's husband, had possession of all the personal property of the latter, and that, on the death of the decedent, his administrator had converted the same into assets of such estate, and that she was entitled to $500 as widow. A further item of such claim alleged her right to one-third of such property, and demanded damages for its conversion. A third item alleged decedent's occupancy of her husband's land after the death of the latter, and asked recovery for rent of one-third of such land. *Held*, on separate demurrer, that each item states a separate cause of action, and was sufficient.

From the Bartholomew Circuit Court.

*R. Hill, M. Hacker* and — *Strickland*, for appellants.

*N. R. Keyes, G. W. Cooper* and *C. B. Cooper*, for appellee.

BICKNELL, C. C.—Bertha Snider, in April, 1878, filed a claim against the estate of Hugh Snider, deceased. The appellants, the administrators of said estate, appeared and treated the claim as a complaint, and each of its three items as a separate paragraph, and they filed separate demurrers to each paragraph for want of facts sufficient, which demurrers were overruled. In 1881, the death of the claimant was suggested, and the appellee, Charles F. Messeke, her executor, was substituted as claimant.

In May, 1883, the parties appeared and the claim was submitted for trial to the court, who allowed the claimant $540 and rendered judgment for that amount, to be paid by the appellants out of any assets in their hands to be administered. They appealed. The overruling of each of said demurrers is assigned as error.

The statute does not require formal pleading upon a claim against an estate. *Hileman* v. *Hileman*, 85 Ind. 1. An executor or administrator may require such a claim to be brought before the court in the mode prescribed by the decedents' act, but he is not bound to do so; he may make a full appearance and demur or answer, and the court will have jurisdiction, and the parties will be bound by such subsequent pleadings, as if they were required by law. *Morrison* v. *Kramer*, 58 Ind. 38; *Niblack* v. *Goodman*, 67 Ind. 174.

And when the executor or administrator thus waives his statutory rights, his demurrer to an entire claim, consisting of several distinct items, will not be sustained, if any one of such items states a good cause of action. *Ginn* v. *Collins*, 43 Ind. 271.

In the present case, the three items of the claim state different causes of action; therefore, the appellants had a right

to demur separately to each of them. *Hannum* v. *Curtis*, 13 Ind. 206 ; *Huston* v. *First Nat'l Bank*, 85 Ind. 21.

A claim against a decedent's estate is sufficient, if it states the nature of the demand and the amount demanded, and enough to bar another action therefor. *Hannum* v. *Curtis, supra ; Ginn* v. *Collins, supra ; Post* v. *Pedrick*, 52 Ind. 490 ; *Dodds* v. *Dodds*, 57 Ind. 293 ; *Hathaway* v. *Roll*, 81 Ind. 567 ; *Davis* v. *Huston*, 84 Ind. 272.

The first paragraph is sufficient. It claims from the administrators of Hugh Snider's estate $500, the amount allowed the claimant by law as the widow of Frederick Snider, alleging that said Hugh Snider, when he died, had possession of all the personal property of said Frederick Snider, and that the defendants, after Hugh Snider's death, as his administrators, took said personal property and sold it as part of the estate of Hugh Snider. The substance of it is that here was personal property of the estate of the claimant's deceased husband, of which she had a right under the statute to take $500, which property was in possession of Hugh Snider when he died, and which these defendants as his administrators, afterwards sold as part of his estate ; in short, that Hugh Snider's estate had the benefit of the property out of which the claimant, as the widow of Frederick Snider, had a right to take her $500.

If there was uncertainty in the claim, it might have been corrected on motion, but as a claim against an estate it was sufficient, under the authorities above cited.

The second paragraph was also sufficient. It alleged substantially, that the claimant, as the widow of Frederick Snider, was entitled to one-third of his personal property, and that the defendants, as administrators of Hugh Snider, had taken and sold said property as part of Hugh Snider's estate.

The third paragraph was also sufficient. It alleged substantially that the claimant was entitled to one-third of her deceased husband's real estate by descent, and that the defendant's intestate was tenant thereof for five years after her

husband's death, at $200 per year. The defendant's intestate was liable to the claimant for the rent of her land, and the claim therefor could be enforced against his estate. The filing of the claim was a sufficient demand. *Trimble* v. *Pollock,* 77 Ind. 576; *Wright* v. *Jordan,* 71 Ind. 1.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed April 2, 1884.