SEWARD ET AL. *v.* CLARK, ADMINISTRATOR, ET AL.

DECEDENTS' ESTATES.—*Petition to Sell Land to Pay Debts not a Civil Action.* —A petition by an administrator, for an order to sell real estate to pay debts, is not a civil action.

SAME.—*Appeal.to Supreme Court, how Taken.—Case overruled.*—An appeal by a defendant in such proceeding, to the Supreme Court, is not authorized by section 550 of the practice act, and can be taken only in the manner, and on the filing of the bond. prescribed by sections 189 and 190 of the decedents' estates act, 2 R. S. 1876, p. 557. *Hamlyn v. Nesbit,* 37 Ind. 284, overruled.

SAME.—*Remedy of Infant Defendant—Appearance and Assent of Guardian. —Mistake.—Fraud.*—Where an infant defendant in such proceeding has appeared thereto by his guardian or a guardian *ad litem,* who has signi-fied his assent in writing to the sale of the real estate, the only remedy of the ward against fraud or a mistake in such proceeding is under sections 176 and 177 of the decedents' estates act. 2 R. S. 1876, p. 554, by a direct suit by him, to be instituted within three years after attaining majority.

SAME.—*Judgment.*—Such proceeding is final, if it be free from fraud or mistake.

APPEAL TO SUPREME COURT.—*Repeal of Statute.—Common Pleas Court.*— Section 550 of the practice act, authorizing appeals to the Supreme Court, was repealed by the amendatory act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, which went into effect on July 2d, 1877, so far as the same provided for appeals from common pleas courts.

From the Union Common Pleas Court.

—— *Tucker* and —— *Seward,* for appellants.

*B. Burke* and *L. H. Stanford,* for appellees.

HOWK, J.—The record of this cause was filed in this court on the 18th day of August, 1877, more than four years after the act of March 6th, 1873, *inter alia,* abolishing courts of common pleas, became a law of this State. It appears from this record that at the March term, 1869, of the court of common pleas of Union county, Louisa J. Johnson, administratrix of the estate of Robert B. Johnson, deceased, presented to the court her verified petition, in which she alleged, among other things, that there was a probable deficit of the personal property belonging to said

decedent's estate, wherewith to pay the claims against said estate, of about the sum of $888.07; that the decedent was the owner, at the time of his death, of several town lots, described by their numbers, in the town of Liberty, Union county, Indiana, liable to be made assets for the payment of the debts of his estate; that said lots had not been inventoried and appraised, but they were of the probable value of $3,000.00; that the decedent left, as his heirs at law, Louisa J. Johnson, his widow, and Isabella, Charlotte, George M. and Warren Johnson, his infant children; and that James H. Johnson was the legally appointed guardian of said infant children. Wherefore the said administratrix asked for an order for the sale of said real estate to pay debts, according to law.

With said petition, Louisa J. Johnson, the widow of said decedent, filed her assent in writing to the sale of the real estate described in the petition, and alleged that she was the owner, as a tenant in common with the infant children of the decedent, of the one-third part of said real estate; and she offered, in case the real estate was sold, to join in the conveyance thereof to the purchaser, upon the payment to her of one-third of the purchase-money, according to law.

With said petition, also, James H. Johnson, the legal guardian of said infant children, filed his written assent to the sale of the real estate described in said petition, and said therein that he believed it to be necessary to pay the debts of said estate, and that the surplus, after the payment of such debts, could be invested for the better interests of his said wards.

Upon the filing of said petition for the sale of the decedent's real estate, and of the written assent thereto of the decedent's widow and of the legal guardian of the infant children and heirs at law of the decedent, and apparently on the same day, an order was made by said court

of common pleas, authorizing the administratrix of said decedent's estate to sell the said real estate, either at public or private sale, upon the terms and conditions prescribed in said order ; that, before selling said real estate, the administratrix should file her bond in the sum of six thousand dollars, with security to be approved by the clerk of said court ; and that she should report her proceedings under said order at the next term of said court, until which time the said cause was continued.

On the same day and at the same term of said court of common pleas, the said Louisa J. Johnson, administratrix, rendered to the court an account current of her debits and credits in the estate of said Robert B. Johnson, deceased ; and with said account she tendered to said court her written resignation of the duties and trusts of her administration. The court then and there approved of said account current, and ordered that it be entered of record ; and the court then and there accepted the resignation of said Louisa J. Johnson, administratrix, and ordered that, upon her payment to her successor in said trust of the assets of the estate of said Robert B. Johnson, deceased, yet to be administered, and taking and filing his receipt for the same with the papers of said estate, she, the said Louisa J. Johnson, should be discharged from further service as such administratrix.

Afterward, on the 1st day of April, 1869, William M. Clark was appointed by the clerk of said court of common pleas, in vacation, and gave bond and qualified, as administrator *de bonis non* of the estate of said Robert B. Johnson, deceased, and letters of administration were issued to him accordingly ; which said appointment and letters were afterward, at its July term, 1869, approved and adopted as its own act, by said court of common pleas.

Afterward, at the same July term, 1869, of said court

of common pleas, the said William M. Clark, administrator as aforesaid, made thereto his written report, duly verified by his oath, to the effect that, under and pursuant to the said order of said court, made upon the petition of his predecessor in said trust, he had advertised and sold at public auction, according to law, the several parcels of real estate, in said order and petition described, to certain named persons for certain named prices, which said prices were more than two-thirds of the appraised value thereof respectively, and that the said several purchasers had each and all complied with the terms of sale prescribed in said order, which said report was approved by the court; and it was ordered by the court that said report be entered of record, and that the said William M. Clark, administrator as aforesaid, should make and report to the court, for its approval, deeds of conveyance to the said several purchasers of the several parcels of real estate by them respectively purchased; which was done accordingly, on the 28th day of July, 1869.

Nearly eight years after these deeds of conveyance of the said several parcels of the decedent's real estate had been examined and approved by the court of common pleas of Union county, and had been ordered to be delivered to the several purchasers thereof respectively, to wit, on the 16th day of July, 1877, Charlotte and Charles L. Seward, Warren Johnson, George M. Johnson, and Isabella and Benton Shriner appealed from the orders and proceedings of said court of common pleas, upon the petition of Louisa J. Johnson, administratrix of the estate of Robert B. Johnson, deceased, for the sale of the decedent's real estate for the payment of the decedent's debts, by filing a certified transcript of said orders and proceedings in this court. The said appellants have made defendants to this appeal, or appellees in this court, Louisa J. Johnson, administratrix, and William M. Clark, administrator *de bonis*

*non* of the estate of Robert B. Johnson, deceased, and the several purchasers of the decedent's real estate, sold and conveyed to them as aforesaid by said administrator.

With their assignment of errors, the appellants have filed an affidavit to the effect that Charlotte Seward, formerly Johnson, intermarried with Charles L. Seward, became 21 years of age on April 9th, 1875; that Isabella Shriner, formerly Johnson, the wife of Benton Shriner, became 21 years of age on September 25th, 1873; that Warren Johnson became 21 years of age on March 30th, 1877; and that George M. Johnson became 21 years of age on September 15th, 1872.

The appellees have moved this court in writing to dismiss this appeal, for the following reasons, to wit:

" 1. Because the clerk's certificate to the transcript is insufficient, in this, that it does not show that the transcript contains ' complete copies of all the papers and entries in said cause;'

" 2. Because no appeal bond has been filed;

" 3. Because the record affirmatively shows, sworn to by counsel for appellants and one of the appellants in the cause, that each of the four appellants, Charlotte Seward, Warren Johnson, George M. Johnson and Isabella Shriner, children of the decedent, was at the final judgment in the cause, and all of them were for more than three years thereafter, minors under the age of twenty-one years; and the record shows that Louisa J. Johnson is the mother of these children, and the other two appellants are husbands of two of these children, and have no interest outside of this condition. Upon this admission, we" (the appellees) " claim the appeal ought to be dismissed."

Substantially the same objections were presented by the appellees to the prosecution of this appeal, in and by their answer to the appellants' assignment of errors on the record of this cause.

The first reason assigned by the appellees for the dismissal of this appeal, in their written motion therefor, has since been obviated by the return by the clerk of the Union Circuit Court, to a writ of *certiorari* awarded in this cause upon the appellants' application, of a proper certificate under the seal of said court and tested by such clerk, to the effect that the transcript filed in this court contains complete copies of all the papers and entries in said cause.

The second and third reasons for the dismissal of this appeal, assigned by the appellees in their written motion, may be properly considered together. Petitions for the sale of the real estate of decedents, for the payment of the debts and liabilities of decedents' estates, whether filed by executors, administrators or creditors of such decedents, are not civil actions. They are proceedings strictly *sui generis;* and in the institution, prosecution and final determination thereof, and at every step in the progress thereof, they must be governed and controlled by the statutory provisions which are expressly applicable thereto, and by and under which they are authorized, and the practice therein is prescribed.    These proceedings are necessary parts of the settlement of decedents' estates, and are governed and controlled in every particular by the provisions and requirements of "An act providing for the settlement of decedents' estates," etc., approved June 17th, 1852.    This court has decided, that this statute evidently contemplates that the estate of every decedent shall be settled by administration, under the approval of the proper court.    *Leonard* v. *Blair,* 59 Ind. 510.

The statute has made ample and suitable provisions, as it seems to us, for the institution of proper and necessary proceedings, and the course of procedure therein, for the conversion of decedents' real estate into assets for the payment of the debts and liabilities of decedents; and to any

one aggrieved, or so considering himself, by any decision of any matter growing out of or connected with such proceedings, this statute has provided for an appeal to this court, the mode of taking such appeal, and the time within which it must be taken. Thus, in section 189 of said act, it is provided that any person considering himself aggrieved by any decision, growing out of any matter connected with the decedent's estate, may appeal to this court, upon filing with the clerk of the court below a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or, where there is none, in a reasonable sum to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, and the payment of all costs, if costs be adjudged against the appellant. And in section 190 of said act it is provided that "Such appeal bond shall be filed within thirty days after the decision complained of is made, unless for good cause shown," this court "shall direct such appeal to be granted on the filing of such bond within one year after such decision; but any person who is aggrieved, desiring such appeal, may take the same in his own name, without joining with any other person." 2 R. S. 1876, p. 557.

It will be seen by reference to these two sections of the statute, that we have given the substance of their provisions, as they must now be read, since, by the circuit court act of March 6th, 1873, courts of common pleas were abolished, and, by section 79 of said act, circuit courts were clothed with the same jurisdiction theretofore exercised by courts of common pleas, and it was provided that "all laws and parts of laws concerning said courts of common pleas, shall be hereafter construed to mean and apply to said circuit courts, so far as the same may be applicable." 1 R. S. 1876, p. 390.

We are clearly of the opinion that, in such a case or pro-

ceeding as the one now before us, an appeal will not lie to this court from any decision of the court below, "growing out of any matter connected with the decedent's estate," except in the manner, and within the time, such appeals are authorized by the express provisions of said sections 189 and 190 of the aforesaid act for the settlement of decedents' estates. We are aware that in the case of *Hamlyn* v. *Nesbit,* 37 Ind. 284, and perhaps in other cases, this court has reached an entirely different conclusion, upon the question now under consideration, from the one we now announce. In the case cited, and perhaps in other cases, it has been held that appeals would lie and might be taken to this court, from the decisions of the circuit or common pleas courts in the proceedings or cases authorized and governed by the provisions and requirements of the aforesaid act for the settlement of decedents' estates, under and in accordance with section 550 of the practice act, in civil cases. 2 R. S. 1876, p. 238. We can not concur in the decisions of this court in the cases cited and referred to; for it seems to us, they are in direct conflict, not only with the express letter of said sections 189 and 190, the substance of which we have already given, but also with the entire plan and purpose of the statute which provides for the settlement of decedents' estates and the whole course of procedure in effecting such settlement.

Thus, in section 112 of the decedents' estates act, it is provided that, "At the end of one year from the first issuing of letters thereon," the estate of the decedent shall be finally settled, unless the court may deem it necessary, or the interests of the estate require, that the final settlement thereof should be thereafter continued. Again, in section 2 of an act approved March 1st, 1855, to repeal section 50 of the act of June 17th, 1852, for the settlement of decedents' estates, "and providing for credit on the sale of personal property," it was provided that a credit of not

more than twelve months should be given on all sales of a decedent's personal property, 2 R. S. 1876, p. 509, note; and in sales of the decedent's real estate, it was expressly provided in section 83 of the original act of June 17th, 1852, that "no credit shall be directed to be given for more than eighteen months." 2 R. S. 1876, p. 526. The intent and purpose of the act providing for the settlement of decedents' estates were the speedy settlement of said estates, the final determination, without unnecessary delay, of all questions involved in or affecting said estates, the prompt payment of all the decedent's debts and liabilities, and the distribution at once of the surplus, if any, of the estate, to the parties lawfully entitled thereto.

On the contrary, under sections 550 and 561 of the practice act in civil cases, as the same remained in full force in this State, from the 6th day of May, 1853, until the act of March 14th, 1877, amendatory of said sections, took effect and became a law, on the 2d day of July, 1877, appeals might be taken to this court, by either party, from all final judgments of the courts of common pleas and circuit courts, in civil cases, except, etc., "within three years from the time the judgment is rendered." 2 R. S. 1876, p. 243.

It is very clear, we think, that the Legislature never intended that the settlement of a decedent's estate might be delayed and embarrassed by appeals to this court from decisions rendered in the progress of such settlement, at any time within three years after the decisions were made; and therefore, in said section 189 and 190 of the act providing for the settlement of decedents' estates, it was expressly provided, that any person considering himself aggrieved by any such decision might appeal therefrom to this court, but only by filing bond with security, for the diligent prosecution of such appeal, within thirty days after the decision complained of was made, unless this

court, " for good cause shown," should authorize the appeal to be taken after the expiration of thirty days, but even then, in any event, the appeal must be taken by " the filing of such bond within one year after such decision."

In the case at bar, the appellants filed no bond, with security, conditioned for their diligent prosecution of their appeal to this court, and the payment of all costs, if costs should be adjudged against them, with the clerk of the court of common pleas of Union county, or of the Union Circuit Court. Indeed, the appellants do not claim, as we understand them, that they intended or attempted to appeal from the decision of the court of common pleas of Union county, under and in compliance with the provisions and requirements of said sections 189 and 190 of the act providing for the settlement of decedents' estates. It is evident, we think, that the appellants intended to take this appeal, and, so far as they might lawfully do so, have taken this appeal, under and in conformity with the provisions of the last sentence of section 556 of the practice act, by procuring from the clerk of the Union Circuit Court, as the lawful custodian of the records and papers remaining on file in the court of common pleas of Union county at the time such court was abolished, a certified transcript of the record and proceedings of such court of common pleas, in the matter of the petition of the administratrix of the estate of Robert B. Johnson, deceased, for the sale of such decedent's real estate for the payment of debts, and by filing such transcript in the office of the clerk of this court. 2 R. S. 1876, p. 241. Such an appeal of such a cause or proceeding is not warranted or authorized by any law of this State.

If an appeal would lie to this court, from the decision of any question connected with the settlement of a decedent's estate, under the provisions of the practice act, it might

well be doubted if this appeal could be maintained, as an appeal from the court of common pleas of Union county. Prior to July 2d, 1877, it was provided in section 550 of the practice act, that appeals might be taken from the courts of common pleas and the circuit courts to this court. 2 R. S. 1876, p. 238. But, on the day last named, the act of March 14th, 1877, amending said section 550, having been "published and circulated in the several counties of this State, by authority," as evidenced by the Governor's proclamation, of which we take judicial notice, became a law of this State. In this amended section 550 of the practice act, provision is made for appeals to this court from the circuit courts and the superior courts; but the amended section contains no provision whatever authorizing appeals to this court from the courts of common pleas. Acts 1877, Spec. Sess., p. 59. The transcript of the record of this case or proceeding, as we have seen, was filed in this court on the 18th day of August, 1877, or nearly seven weeks after the amended section 550, which virtually repealed so much of the original section 550 as authorized appeals to this court from the courts of common pleas, became a law of this State. So that it would seem that, at the time the appellants intended and attempted to appeal this case or proceeding to this court, from the court of common pleas of Union county, by procuring and filing in the clerk's office of this court a transcript of the record of said court of common pleas, in conformity with the provisions of said section 556 of the practice act, that portion of said section 550 of the code, which had originally authorized appeals to this court from courts of common pleas, had been virtually repealed by the amended section 550, and appeals to this court from the courts of common pleas were no longer authorized nor provided for, in or by the code of practice in civil cases in the courts of this State.

It has seemed to us, from our examination of the record of this case, that the appellants have entirely mistaken their remedy, if they had any.   Doubtless, there were informalities and imperfections in the proceedings set out in the record,—so gross apparently, that it would seem the appellants might have readily procured their avoidance and had them set aside, if they had proceeded in the proper manner and at the proper time.   As we have seen, the legal guardian of the appellants, then infants, appeared fully to the petition of the administratrix for the sale of the decedent's real estate, and, as he was authorized to do in and by section 77 of the act for the settlement of decedents' estates, he signified in writing his assent to the sale of such real estate.   2 R. S. 1876, p. 522.

In section 176 of the said act providing for the settlement of decedents' estates, it is provided as follows:

" In all suits and proceedings instituted under the provisions of this act, in which infants may be plaintiffs, complainants or defendants, such infants shall appear by their guardian at law, or guardian *ad litem*, appointed by the court; and such suits or proceedings, if conducted in good faith, shall not be liable to be opened by such infants, upon arriving at full age."

The proper supplement to this section is the next section, 177, which reads as follows:

" Any such infant, after arriving at full age, may, within three years thereafter, upon the proper proceedings being instituted by him, have any judgment, order or decree, opened or annulled, or set aside, if he can show that the same was obtained by mistake or through fraud."   2 R. S. 1876, p. 554.

In these two sections, 176 and 177, of the act providing for the settlement of decedents' estates, as it seems to us, the entire law of this State, on the subject under consideration, is compactly stated or clearly implied; and the

remedy of the appellants, if they had any, for their real or supposed grievances, after their arrival at full age, is pointed out with clearness and accuracy. If the proceedings of the proper court in the settlement of a decedent's estate have been conducted in good faith and are free from mistake or fraud, and the infant parties to such proceedings have appeared therein by their guardian at law or guardian *ad litem* appointed by such court, then such proceedings are final and are not liable to be opened, or annulled, or set aside by such infants upon arrival at full age. If, however, such proceedings have not been conducted in good faith, and if the infant parties have not appeared therein by their guardian at law or guardian *ad litem*, then such proceedings are not necessarily final, but they are liable to be opened by such infants upon arriving at full age. In such a case, the remedy of such infant, upon his arrival at full age, is not an appeal to this court from the proceedings complained of; but, in a direct suit, to be instituted by such infant, at any time within three years after he becomes of full age, he may have any judgment, order or decree, made or rendered in and during the settlement of the estate, "opened or annulled, or set aside, if he can show that the same was obtained by mistake or through fraud."

In conclusion, we hold that the appeal in this case or proceeding is not authorized by law, and the appellees' motion to dismiss such appeal ought to, and must be, sustained.

In so far as this decision is in conflict with the case of *Hamlyn* v. *Nesbit, supra*, and any other cases in the reports of this court, the latter cases are overruled.

The appeal in this case is dismissed, at the costs of the appellants.