No. 9206.

## BENDER, EXECUTOR, v. WAMPLER.

APPEAL.—*Supreme Court.*—*Practice.*—*Notice of Motion to Dismiss.*—A motion in the Supreme Court to dismiss an appeal is of no force until the date fixed in the notice for presenting it, or the date of the service of the notice.

SAME.—*Waiver by Submission.*—Submission by agreement is a waiver of a pending motion to dismiss the appeal.

Bender, Executor, *v.* Wampler.

Same.—A motion filed May 25th, 1881, to dismiss an executor's appeal, commenced by filing a transcript January 20th, 1881, from a decision February 6th, 1880, allowing a claim, where the notice was served January 18th, 1882, and filed January 19th, 1882, for presentation January 24th, 1882, was overruled November 23d, 1882, because of an agreement July 18th, 1881, to submit the appeal for trial.

Same.—*Decedents' Estates.*—*Bond.*—The provisions of sections 189 and 190, 2 R. S. 1876, p. 557, Acts 1881, p. 478, sections 228 and 229, R. S. 1881, sections 2454 and 2455, only control the time within which the bond should be filed, and not the time within which the appeal might be perfected. *Seward* v. *Clark,* 67 Ind. 289, explained on this point.

Practice.—*Record.*—*Motion for Continuance.*—*Supreme Court.*—Where the affidavit in support of a motion for a continuance is not a part of the record, the Supreme Court can not review the ruling of the trial court.

Same.—*Evidence.*—*Bill of Exceptions.*—A statement, "This closed the evidence in the case," is not equivalent to "This was all the evidence given upon the trial of the cause."

From the Monroe Circuit Court.

*J. B. Mulky, J. H. Louden* and *R. W. Miers,* for appellant.
*J. F. Pittman, J. W. Buskirk* and *H. C. Duncan,* for appellee.

Franklin, C.—Appellee, as widow, filed a claim under the statute for $500 against appellant, as executor of the will of Adam Wampler, deceased.

The court allowed the claim and the executor appealed the case to this court.

The transcript in the cause was filed in this court on the 20th day of January, 1881. On the 25th day of May, 1881, appellee filed a motion to dismiss the appeal, for the reasons that appellant had filed no appeal bond, and the appeal had not been perfected within thirty days after the decision. The decision allowing the claim was made on the 6th day of February, 1880. On the 18th day of July, 1881, the cause was submitted by agreement and appellant filed his brief. On the 19th day of January, 1882, appellee filed a notice served upon appellant that the motion to dismiss the appeal would be presented to the court on the 24th day of January, 1882.

We think the motion can not be considered as having any

force before the time named in the notice for its being presented, or at most, until after the notice was served upon appellant on the 18th day of January, 1882.

Under the 193d section of the statute for the settlement of decedents' estates, the executor was not required to file a bond, but had a right to appeal without a bond.

The provisions of the 189th and 190th sections of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 557, only control the time within which the bond should be filed, and not the time within which the appeal might be perfected.

In the case of *Seward* v. *Clark, Adm'r*, 67 Ind. 289, we find the following language: "Unless this court, 'for good cause shown,' should authorize the appeal to be taken after the expiration of thirty days." This is an inadvertence and should read, "should direct the filing of such bond within one year after such decision."

An executor can appeal at any time within one year after the decision, without bond. A claimant can do the same by filing bond within the thirty days, or, when this court has so directed, by filing the bond after the thirty days and within the year. See the cases of *Bake* v. *Smiley, post*, p. 212; *Seward* v. *Clark, supra; Bell* v. *Mousset*, 71 Ind. 347; *West* v. *Cavins*, 74 Ind. 265. Notwithstanding this provision for the filing of a bond, this court has repeatedly held that the submission of a cause by agreement waives a motion theretofore made for the dismissal of an appeal for the want of a bond.

But the rule as to the time of perfecting the appeal, as applicable to cases arising under the provisions of the revision of 1881, in this class of cases, is changed. Under the provisions of the 2455th section thereof the " bond shall be filed within ten days after the decision complained of is made, unless, for good cause shown, the court to which the appeal is prayed shall direct such appeal to be granted on the filing of such bond within one year after such decision. * * * The transcript shall be filed in the Supreme court within ten days after filing of the bond."

In the case at bar the motion to dismiss the appeal ought to be and is overruled.

The error assigned is the overruling of the motion for a new trial.

The reasons assigned for a new trial are:

1st. Overruling the motion for a continuance.

2d. The finding is not sustained by sufficient evidence.

3d. The finding is contrary to law.

There is no bill of exceptions embracing the motion and affidavit for a continuance. There is no order of the court making them a part of the record. They are not, therefore, properly made a part of the record. Buskirk's Practice, 224, and authorities therein cited.

The bill of exceptions does not purport to contain all the evidence given in the cause; at the conclusion, following a copy of the marriage license between appellee and deceased, is the following statement: "This closed the evidence in the case," which is not equivalent to saying that the bill contained "all the evidence given upon the trial of the cause." *Baltimore, etc., R. R. Co.* v. *Barnum,* 79 Ind. 261.

There might have been any amount of evidence other than that copied in the bill given upon the trial of the cause, and still the concluding statement in the bill that the marriage certificate closed the evidence would be true.

The evidence is not properly before us, and we can not say whether it tended to support the finding or not, or whether the finding was contrary to law.

There is no available error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.