No. 8725.

## PEDRICK v. POST, ADMINISTRATOR.

SUPREME COURT.— *Decedents' Estates.— Appeal Bond.— Waiver.— Motion to Dismiss.*—After submission by agreement, an appeal will not be dismissed for want of an appeal bond as required by sections 189 and 190, 2 R. S. 1876, p. 557.

CONTRACT.—*Rescission.—Sale of Leasehold.—Evidence.—Receipt.*—When the issue is whether or not a contract for the sale of an interest in certain leaseholds had been voluntarily rescinded, a later contract inconsistent with the first, and made with additional parties, is competent evidence.
  , So, also, is a receipt showing a repayment of money paid upon the first contract.

SAME.— *When Time is of the Essence.*—Unless explicitly or clearly made so in terms, time will not be deemed to be of the essence of a contract for the sale of a leasehold interest in lands.

From the Marion Circuit Court.

*W. Morrow*, for appellant.

*S. Claypool* and *W. A. Ketcham*, for appellee.

WOODS, C. J.—The appellee has moved to dismiss, and also filed a plea in abatement of the appeal in this case, because of the failure of the appellant to file the appeal bond required in such cases.

Under the rule laid down in *West* v. *Cavins*, 74 Ind. 265, followed in *Gilbert* v. *Welsch*, 75 Ind. 557, the motion and plea came too late. The bond is required for the benefit of

the appellee, and may be waived. An appearance and submission of the case by agreement upon the errors assigned, and a failure to raise the objection either by motion or plea until after the expiration of the year within which, by leave of the court, the omission to file the bond might be remedied, should be deemed a waiver. The only difference between the facts in this case and in *West* v. *Cavins, supra*, is, that in this instance the appellee had not filed a brief upon the merits before making the motion to dismiss, a difference which we do not deem essential.

The cases of *Seward* v. *Clark*, 67 Ind. 289, and *Bell* v. *Mousset*, 71 Ind. 347, are not overruled nor modified by the decision in *West* v. *Cavins, supra*, but are plainly distinguishable.

This is the second appeal in this case; see *Post* v. *Pedrick*, 52 Ind. 490. Upon the return of the case to the circuit court, the plaintiff, in addition to the complaint which is set out in the opinion delivered upon the former appeal, filed a third paragraph; and, upon leave, the defendant filed an amended answer of six paragraphs to the original complaint, and an answer in three paragraphs to the additional paragraph of complaint. The plaintiff filed five paragraphs of reply, to the third, fourth and fifth of which the court sustained demurrers.

Upon the trial, the court excluded all the evidence offered by the plaintiff except the contract referred to in the first and third paragraphs of the complaint, and instructed the jury to return a verdict for the defendant.

It is claimed, first, that the rulings upon the demurrers to the reply were erroneous. By reference to the opinion in 52 Ind. 490, it will be seen that the first paragraph of the complaint is based upon the following writing:

"On last January 27th, I purchased for sixteen hundred dollars, from William Newman, of Louisville, the two leases he held from Richard Poteet and wife, of Overton county, Tenn., and from B. C. Webb and wife of Putnam, Overton county, Tenn., conveying to him the sole and exclusive right to explore, bore and mine for oil and other things on their lands.

I handed said leases to William Pedrick, of Richmond, Ind., to examine the title to said conveyances, and, when found correct, to have the same recorded in the records of the said counties; and I hereby obligate myself to convey and transfer one-half of my interest in said leases to said Pedrick, for one-half of the said purchase-price, in case he pays me the respective money within three months from and after this date; also, the said Pedrick paid me to-day on account of said leases the sum of five hundred dollars, which said money I promise to refund him in case he should find the title to said leases deficient, and therefore prefer not to purchase said one-half interest; further, said Pedrick is to inform me within ten days from and after this date, whether the title to said leases is good or not, and whether he wants to buy said one-half interest therein, for the reason that said William Newman, either wants the purchase-money by the 25th inst., or that his said sale and transfer of the said leases to me be cancelled and annulled.

"Witness my hand and seal at Indianapolis, this 11th day of February, 1868." (Signed) "G. Schurmann. [seal.]"

The allegations of the paragraph are to the effect that Schurmann did not convey to the appellant an interest in the leases, but sold the same to other parties.

The third paragraph of the complaint, after setting out the same writing, charges that, after the payment of the money by the appellant as stated, it was mutually agreed between the parties, Schurmann being yet in life, that the latter should not convey or transfer an interest in said leases, but should repay to the appellant the said sum of $500, and accordingly on the 14th day of September, 1868, he paid to the appellant the sum of $35 thereon, for which the appellant signed and delivered to him a receipt, a copy of which is set out; that excepting said sum and $50, for which the appellant made his note to the deceased, the remainder of the said sum of $500 is due and unpaid.

The second paragraph was for money lent to and had and received by Schurmann for the use of the plaintiff.

A statement of the averments of the several paragraphs of answer and reply is not necessary. Besides the general denial, the reply contained special paragraphs wherein were alleged matters inconsistent with the facts stated in the respective paragraphs of answer to which they were addressed. But this is only an argumentative way of denying; the facts so averred might have been proved under the general denial, and, consequently, there was no available error in the rulings upon the demurrers.

It remains to consider whether or not the court erred in overruling the motion for a new trial.

The appellant offered in evidence the following receipt, shown to be in the handwriting of Schurmann, and given to him by the appellant, to wit:

"Repaid me by G. Schurman again, from the payment I made him on last February the 11th, on account of my half interest in the Webb and Poteet leases, in Overton county, Tenn., thirty-five dollars, on this September 14th, 1868."

(Signed)    "WILLIAM PEDRICK."

The appellant also offered in evidence a lease shown to have been made by Schurmann to the appellant and three others, bearing date September 19th, 1868, whereby Schurmann leased and underlet to them all his rights and privileges under the leases referred to in the contract between Schurmann and the appellant. The appellee objected to the admission of these documents, because irrelevant, immaterial and incompetent.

We think they had a direct bearing upon the question whether there had been a voluntary rescission of the contract as alleged in the third paragraph of the complaint, and should have been permitted to go to the jury upon that issue.

Under that paragraph, and perhaps under the second paragraph, of the complaint, the appellant was entitled to recover the money paid upon the contract, upon proof that, by mutual consent, the parties had annulled it; and, for this purpose,

the proposed evidence was competent, whatever construction ought to be put upon that contract. If, as the appellee contends, time is made the essence of the agreement, and the appellant was not entitled either to an interest in the leases or to a return of the $500, except upon payment of the $300 within the stipulated time, still, if there was a rescission, he became thereby entitled to a return of the money paid; and the evidence offered was competent, though perhaps less significant, than if time should not be regarded as of the essence of the contract.

Looking, however, to the face only of the contract, we do not think that time was made or intended to be essential, except in reference to the ten days allowed for the investigation of the title of the lessors. Stripped of this stipulation and its incidents, which play no part now, because the soundness of the title is not disputed, the contract may be read in this wise: " I hereby agree to transfer to Wm. Pedrick one-half of my interest, etc., for $800, in case he pays the money within three months from this date. He now pays $500 of that sum." Signed, etc.

If, as contended, it was of the essence of this agreement that the remainder of the price should be paid within the time named, it was an agreement to pay absolutely $500 for a three-months option to buy something at the price of $300. If not incredible, this would be plainly inequitable, and, unless expressed in unequivocal terms, should not be deemed to have been the intention of the parties. Indeed, if apt words had been chosen to express such a design, it may be doubted whether the agreement could be enforced in equity. See *Spath* v. *Hankins*, 55 Ind. 155.

It is plain, however, by the terms of this agreement, that the $500 were not paid for an option to buy, but as a part of the price of a purchase already made.

Judgment reversed, with instructions to grant to the appellant a new trial.