.Filed Dec. 31, 1885.

———◆———

No. 11,174.

## WALKER, ADMINISTRATRIX, *v.* HELLER ET AL.

DECEDENTS' ESTATES.—*Appeal.*—*Law of Case.*—*Practice.*—Where an appeal is perfected by an administrator under the law as previously declared by the Supreme Court, and under that law a motion to dismiss the appeal is overruled, that ruling, whether erroneous or not, is the law of the case, and a subsequent motion to dismiss, founded upon a different declaration of the law in another case, will be overruled.

.SAME.—*Statement of Claim.*—Although the statute (section 2310, R. S. 1881) requires only " a succinct and definite statement" of the claim against a decedent's estate, such statement must contain sufficient facts to show *prima facie* that the estate is indebted to the claimant, or it is bad on demurrer.

'SAME.—*Claim Showing Cause of Action in Third Person.*—Where the statement shows a cause of action in favor of some person other than the claimant, it is bad on demurrer for want of facts.

.SAME.—*Trust.*—*Pleading.*—An allegation in a complaint against a decedent's estate, that the decedent died without having paid to the plaintiff certain money placed in his hands by a third person for the benefit of the plaintiff, and that it is due and unpaid, is sufficient after verdict to show that the decedent at his death, and his administrator upon the filing of the claim, still retained such money.

'SAME.—*Demand.*—The filing of a claim against a decedent's estate constitutes a sufficient demand against the administrator. It is not necessary to aver a previous demand.

Walker, Administratrix, *v.* Heller *et al.*

PRACTICE.—*Judgment on Bad Pleading.*—Where the record affirmatively shows that the judgment rests upon two pleadings, one of which is bad, it will be reversed for a new trial.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellant.

*A. L. Ogg,* for appellees.

HOWK, J.—On the 12th day of December, 1882, the appellee Thomas L. Marsh filed his verified claim against the estate of Meredith Walker, deceased, of which estate the appellant was then and since administratrix, in the clerk's office of the court below. Afterwards, such claim having been disallowed by appellant and transferred to the issue-docket for trial, on the application of the appellee Moses Heller, he was made a defendant herein, and thereupon he filed his cross complaint against his co-appellee Marsh and the appellant. The cause was then put at issue and tried by the court, and a finding was made in favor of Marsh and Heller, and against the appellant administratrix aforesaid, in the sum of $1,085.84. Over appellant's motion for a new trial, the court made an allowance against her decedent's estate, on its finding, in favor of appellee Heller, on the 10th day of April, 1883, and from the judgment below this appeal was taken by filing a transcript of the record in the clerk's office of this court, on the 12th day of September, 1883.

In this court, the appellant has assigned errors, calling in question several of the rulings or decisions of the trial court.

The appellees have filed in this cause several motions, which first demand our attention, and must first be considered and decided.

The records of this court show that, on the 27th day of November, 1883, which was the call-day of the November term, 1883, of the court, the appellees filed a motion to strike this cause from the docket. Under the uniform practice of the court, this motion ought to have been presented and passed upon at the first sitting of the court after call-day and

not later than the 12th day of December, 1883. But the record and motion appear to have been at once withdrawn, and afterwards withheld from the clerk's office of this court, by counsel engaged in the cause, for nearly six months after the motion was filed, or until on or about the 14th day of May, 1884. On the day last named, the entry of the clerk upon the record shows that the appellees' motion to strike the cause from the docket was overruled by the court. On the call-day of the May term, 1884, of this court, to wit, on May 27th, 1884, the appellees as well as the appellant appeared, by their respective attorneys of record, and, in open court, agreed to the submission of the cause to the court for decision. Thereafter, on the 12th day of July, 1884, the appellees filed another motion to dismiss the appeal herein, and, on the 26th day of May, 1885, a further motion to correct the records of this court in relation to this appeal, and, on the 8th day of June, 1885, a motion for leave to substitute a copy for the original motion to strike this cause from the docket of this court, which original motion as alleged had been lost from the files and could not be found.

Briefs have been filed and oral arguments made by the counsel on both sides for and against the appellees' motions. Upon careful consideration of the facts above recited, and of the decisions of this court prior to the taking of this appeal, and, indeed, until June 26th, 1884, in relation to appeals by executors or administrators under the provisions of the statute regulating the settlement of decedents' estates, we are of opinion that common fairness and justice to the appellant require that the appellees' pending motions should be overruled, and that we should consider and decide such questions in the case as are fairly presented by her assignment of errors. In *Bender* v. *Wampler*, 84 Ind. 172, the appeal was by an executor from an allowance against his decedent's estate, on the 6th day of February, 1880. The appeal was taken by filing a certified transcript of the record of the cause in the office of the clerk of this court, on the 20th day of January,

1881, seventeen days before the expiration of one year from the rendition of the judgment appealed from. On the 18th day of July, 1881, the appeal was submitted by the agreement of the parties, for the decision of this court. Before such submission, to wit, on the 25th day of May, 1881, the appellee filed a written motion to dismiss the appeal, "for the reasons that appellant had filed no appeal bond, and the appeal had not been perfected within thirty days after the decision." The appellant was not notified of this motion, apparently, until in January, 1882, and the motion was neither considered nor decided until the final decision of the cause on its merits, on the 23d day of November, 1882. It was there held by the court, (1) that an executor or administrator had a right to appeal to this court, without filing an appeal bond, "at any time within one year after the decision," and (2) that "submission of a cause by agreement waives a motion theretofore made for the dismissal of an appeal for the want of a bond." See, also, the cases of *Bake* v. *Smiley,* 84 Ind. 212, and *Davis* v. *Huston,* 84 Ind. 272, in each of which the right of an executor or administrator to appeal, without filing an appeal bond at any time within one year after the decision appealed from, is expressly recognized and upheld.

It is true that, in each of the cases cited, the appeals were governed by the provisions of sections 189, 190 and 193 of the act of June 7th, 1852, providing for the settlement of decedents' estates. But, in *Bender* v. *Wampler, supra,* and *Bake* v. *Smiley, supra,* reference was made to sections 2454, 2455 and 2457, R. S. 1881, in force since September 19th, 1881, as governing appeals thereafter taken from any decision "growing out of any matter connected with a decedent's estate," but without an intimation even that these sections would limit the time within which an executor or administrator must perfect his appeal. Thus stood the law, as declared by this court, at the time the appellant, in accordance therewith, perfected her appeal in the case in hand, and at the time the

appellees' first motion to strike this cause from the docket was overruled by this court. That ruling of the court, whether erroneous or not, is the law of this case and must stand, and the appellees' subsequent motions, founded upon *Yearley* v. *Sharp*, 96 Ind. 469, must be and are overruled.

We come now to the consideration of the questions presented by the errors assigned by the appellant upon the record of this cause. The first error complained of in argument by appellant's counsel is the overruling of her demurrer to the claim or complaint of the appellee Thomas L. Marsh.

In his claim or complaint the appellee Marsh alleged that about the beginning of the year 1874 the First National Bank of Knightstown, Indiana, held a certain promissory note for the sum of $520, executed jointly by himself and one Joseph B. Dunbar, as principals, on which note Meredith Walker, then deceased, was accommodation endorser; that afterwards, in 1874, appellee Marsh, as sole principal, executed another promissory note for $1,000, bearing ten per cent. interest, also endorsed by Meredith Walker, and negotiated by appellee Marsh to his co-appellee, Moses Heller; that when the $520 note fell due Meredith Walker, to preserve his own credit, paid it off; that appellee Marsh at that time was engaged in running a saw-mill, and, being in failing circumstances, the said Walker, to secure himself from loss by reason of his payment to the Knightstown bank, and his endorsement on Heller's note, bargained with and engaged the appellee Marsh to furnish him a certain bill of walnut lumber, of the agreed value of $1,166, which was afterwards, during 1874, on the order of said Walker, delivered by appellee Marsh to one Thomas Frederick; that, in an accounting had between said Walker and Marsh about the beginning of 1875, as an adjustment of the walnut lumber transaction, it was agreed by the parties, Walker and Marsh, that out of the sum due from Walker to Marsh, on account of said walnut lumber, Walker should deduct the moiety of the sum paid by him to the Knightstown bank, with interest, etc., amounting by that time

to about $270, relying solely on said Dunbar for the payment of the other half of his said claim, arising out of said bank transaction; and that the residue of the sum due Marsh for said walnut lumber should be applied by said Walker as a partial payment of the $1,000 Heller note; that afterwards, in 1875, Walker having failed and refused to make any payment thereon, Heller brought suit in the Hancock Circuit Court on said note against both Walker and Marsh; that appellee Marsh had no defence to Heller's suit, and judgment by default was rendered against him therein for the face of the note, interest and costs; but that said Walker answered therein, denying his liability as endorser, etc., and such suit, as between Heller and Walker, was taken to the Supreme Court of Indiana, where it was then pending; but that the judgment against the appellee Marsh still remained in the Hancock Circuit Court.

And the appellee Marsh further said, that on or about the 10th day of June, 1880, a new agreement was made between himself and said Meredith Walker, wherein it was stipulated that as Walker had been unable to collect from said Dunbar the said half of the sum paid by Walker to the Knightstown bank in 1874, in lifting the joint note of Marsh and Dunbar, the appellee Marsh would allow the same to be deducted from the sum due him from Walker on account of the walnut lumber, that is to say, that instead of making Marsh chargeable with only the moiety, the whole amount of the payment to the Knightstown bank by Walker should be deducted out of the sum due Marsh for the walnut lumber, and that Walker would pay the balance, at that date amounting to about $750, on the said judgment against Marsh in the Hancock Circuit Court; and that Meredith Walker died on the 10th day of January, 1882, without having made any such payment. Wherefore, etc.

Does this complaint state facts sufficient to constitute a valid claim or cause of action in favor of the appellee Thomas L. Marsh? Does it show any debt due Marsh from or by the

estate of appellant's intestate, or any promise or agreement by the intestate in his lifetime to pay Marsh any sum of money on account of the walnut lumber, or on any other account? Each of these questions, it seems to us, must be answered in the negative. As against Marsh, it must be held, we think, that the first agreement, in 1874, between him and Meredith Walker, in relation to Walker's application of the agreed price of the walnut lumber, was abrogated and superseded by their subsequent agreement of the 10th day of June, 1880, of and concerning the same subject. In his complaint the appellee Marsh has declared upon this subsequent agreement, and he could not be heard to say in this case that such agreement is invalid and void for the want of a sufficient consideration, or for any other cause. But if it could be said that such subsequent agreement was, for any cause, inoperative and void as to appellee Marsh, and that notwithstanding such agreement, the money mentioned therein, or some part thereof, constituted a debt to Marsh from the estate of the decedent Walker, which Marsh might recover of such estate, the complaint would still be bad on demurrer, because it failed to allege that such money, or any part thereof, was then due the appellee Marsh from the estate of the decedent, and remained unpaid. Although the statute requires only "a succinct and definite statement" of the claim against a decedent's estate (section 2310, R. S. 1881), yet it has been held, and correctly so, we think, that this statement must contain sufficient facts to show *prima facie*, at least, that the estate is indebted to the claimant or plaintiff, or it will be held bad on demurrer for the want of such facts. *Huston* v. *First Nat'l Bank*, 85 Ind. 21; *Moore* v. *Stephens*, 97 Ind. 271 ; *Windell* v. *Hudson*, 102 Ind. 521. Certainly, where such statement shows a cause of action, if any, in favor of some person other than the claimant or plaintiff in the case, it must be held bad on demurrer for the want of sufficient facts. *Pence* v. *Aughe*, 101 Ind. 317 ; *Wilson* v. *Galey*, 103 Ind. 257. We conclude,

therefore, that the trial court erred in overruling appellant's demurrer to the claim or complaint of the appellee Marsh.

Appellant's counsel next complain in argument of the alleged insufficiency of what may be called the cross-claim of the appellee Moses Heller, against the appellant, as administratrix of the estate of Meredith Walker, deceased, and the original claimant, Thomas L. Marsh. On its face this so-called cross-claim purports to be the verified petition of Moses Heller to be admitted as a party defendant to Marsh's claim against the appellant. After Heller had been made a party defendant, his petition to that end seems to have been treated below, both by court and counsel, as constituting his cross-claim, and we will so consider it. In this cross-claim Heller set out the dealings between Meredith Walker and Thomas L. Marsh, and his connection therewith, substantially in the same language and in the same order as such dealings are stated in the claim of appellee Marsh. As we have given a full summary of the facts stated in Marsh's claim, of course these facts need not be repeated in this connection, but it should be noted that the appellee Heller, in his cross-claim, does not set up or even allude to the second agreement between Marsh and Walker, on the 10th day of June, 1880, as stated in Marsh's claim, in relation to the application of the agreed price of the walnut lumber. After setting out the first agreement between Marsh and Walker, entered into, as alleged, about the beginning of the year 1875, as the same is stated in Marsh's claim, Heller claimed and asked the court to declare that, under such agreement, Meredith Walker became the trustee of Heller for the said sum of money so received by Walker from Marsh on the walnut lumber transaction; and that the appellant, as administratrix of Walker's estate, should be required to pay into court for the use of Heller an amount equal to the sum of money, and interest, so held by Walker as such trustee at the time of his death.

The sufficiency of this cross-claim was not questioned below by demurrer or by a motion in arrest of judgment. But

the appellant has here assigned as error, that Heller's cross-claim does not state facts sufficient to constitute a cause of action. In discussing this alleged error the first objection urged by appellant's counsel to the sufficiency of the cross-claim is, that it is nowhere alleged therein that the decedent Walker had and retained any part of the $700 sued for at the time of his death, nor that the appellant, as administratrix, had any part of such sum after the death of Walker, nor at the time of the filing of such cross-claim. We do not think that this objection to the cross-claim is well taken. It was alleged therein that Walker died on the 10th day of January, 1882, without having paid to Heller the money placed in his hands by Marsh, or any part thereof, and that Heller's claim was just, due and unpaid. These allegations are certainly sufficient, after verdict and judgment, to obviate the first objections of appellant's counsel to Heller's cross-claim.

Appellant's counsel also insist that Heller's cross-claim is insufficient, because it is not averred therein that any demand was ever made upon Walker, in his lifetime, nor upon the appellant, as administratrix of his estate, for the application of the $700 as required by the terms of the aforesaid trust. If it be conceded that an averment of such demand would have been necessary, if Heller had brought suit against Walker in his lifetime, yet it is settled by the decisions of this court that no such averment was necessary in the cross-claim filed by Heller against Walker's estate. In *Wright* v. *Jordan*, 71 Ind. 1, the court said: "All claims against an estate, whether contingent or absolute, have to be filed against it in the proper court, and the filing of such a claim as the one before us constitutes a sufficient demand against the administrator." To the same effect see the following cases: *Trimble* v. *Pollock*, 77 Ind. 576; *Emerick* v. *Chesrown*, 90 Ind. 47; *Stapp* v. *Messeke*, 94 Ind. 423.

No other objections are urged by appellant's counsel to Heller's cross-claim, and we think it is sufficient to withstand appellant's assignment of error thereon.

. The next error complained of in argument is the overruling of appellant's motion for a new trial. This error, we think, is well assigned. Without commenting on the evidence, which would hardly be proper in view of a probable, or at least possible, new trial of the cause, we may say without impropriety that, in our opinion, the evidence fails to sustain the findings of the trial court. It is not a case of the weight of evidence, but of an absolute failure of evidence to support the findings on every material point; but, if 'it were otherwise, we would be required under the practice of this court to reverse the judgment and award a new trial of the cause, because the record affirmatively shows that the findings and judgment below rest as well upon Marsh's claim, to which a demurrer was erroneously overruled, as upon Heller's cross-claim. In such a case the judgment must be reversed and the cause remanded for a new trial. *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18; *Ethel* v. *Batchelder*, 90 Ind. 520; *City of Logansport* v. *La Rose*, 99 Ind. 117.

The judgment is reversed, with costs, and the. cause is remanded, with instructions to sustain the demurrer to Marsh's claim, and the motion for a new trial and for further proceedings..

Filed Oct. 29, 1885; petition for a rehearing overruled Dec. 31, 1885.