No. 289.

## COULTER v. CLARK.

PROMISSORY NOTE.—*Action Upon.*—*Condition Precedent to Suit.*—*Performance of.*—*Complaint.*—*Sufficiency of.*—*Satisfaction of Mortgage.*—In an action upon a promissory note which provided that it was to be paid when a certain mortgage described therein was satisfied of record, the complaint sufficiently alleges such satisfaction by averring that the mortgage was by the proper court, in a proper proceeding, and between the proper parties, declared fraudulent and void; the court, the character of the proceedings, a copy of the decree, and the satisfaction of the mortgage by the clerk of the court in obedience to the decree being fully set forth in the complaint. There being no time fixed within which the mortgage was to be satisfied, the note became due and payable whenever the satisfaction took place.

SAME.—*Time of Payment.*—*When not Material.*—*Parties Defendant.*—*Tender.*—The complaint in said action also showed that the decree ordering the satisfaction of the mortgage provided, among other things, that the plaintiff should pay to the administratrix of the estate of the deceased mortgagee a certain sum within a certain time, and that the said sum was so paid to her, but not within the time specified in the decree.

*Held,* that the failure to pay said sum within the time limited did not defeat the plaintiff's right of recovery on the note.

*Held,* also, that it was not necessary to make the personal representatives of the deceased mortgagee parties defendant to the action on the note.

*Held,* also, that no tender less than the full amount due on the note could be any answer to the complaint either as to the principal and interest or the attorney's fees.

From the Montgomery Circuit Court.

*L. J. Coppage* and *M. D. White,* for appellant.

*A. D. Thomas* and *J. F. Harney,* for appellee.

REINHARD, J.—The appellee sued the appellant, in the court below, on a promissory note, of which the following is a copy:

"$200.          CRAWFORDSVILLE, IND., Sept. 28, 1887.

"———— after date, we, or either of us, promise to pay to John W. Clark three hundred dollars, payable when a certain mortgage, made by Henry D. Stringer to Julius Fiedler, is satisfied of record, for value received, without

relief from valuation or appraisement laws, with interest at the rate of 8 per cent. per annum from due until paid, and attorney's fees; interest payable semi-annually, on the ———— day of ————, and ————, each year. This note, principal and interest, to become due and collectible upon the failure of the maker thereof to pay interest when due, and interest when due to bear same interest as principal. The maker hereof has privilege of paying this note when any instalment of interest is due.

"(Sig.)        HARVEY M. COULTER."

There was a demurrer to the complaint, upon the grounds:

*First.* That the complaint does not state facts sufficient to constitute a cause of action; and,

*Second.* That there is a defect of parties defendant, " the personal representative of Julius Fiedler being a necessary party defendant, as shown by the complaint."

The complaint alleges that the defendant, Harvey M. Coulter, " on the 28th day of September, 1887, by his promissory note, a copy of which is herewith filed, marked 'Exhibit A,' and made a part hereof, promised to pay the plaintiff the sum of three hundred dollars ($300), with interest and attorney's fees, which is now due and remains unpaid; that said plaintiff has performed all the conditions on his part dependent upon which said note was to become due, to wit: That on the 1st day of December, 1888, he filed his complaint in this court in said county, where the mortgage referred to in said note was and is recorded, and where the real estate described in said mortgage is situated, against Ann Fiedler, administratrix of the estate of said Julius Fiedler, who had deceased prior to said 1st day of December, 1888, the said Ann being then the regularly appointed administratrix of his estate by the appointment of court in Illinois; describing in his said complaint the mortgage referred to in said note, and averring that said mortgage was fraudulent and void, and executed without consideration, and praying

VOL. 2.—33

that it be declared and adjudged fraudulent and void, and without consideration, and that it be declared satisfied of record and cancelled ; that it appeared by proper affidavits in said suit that said Ann Fiedler was not a resident of the State of Indiana, and was notified of the pendency of said suit against her by publication ; that, on the 19th day of February, 1889, judgment was entered upon default, declaring the mortgage referred to in said note, as executed by Stringer to Fiedler, fraudulent and void, and was ordered satisfied of record, as appears in order book No. —— of said court ; that, in pursuance of said judgment and order, the clerk of this court entered satisfaction of said mortgage on the margin of the record thereof, book No. 14, page 299, of records of mortgages of said county ; that afterwards, to wit, on the — day of ———, 1889, the said Ann Fiedler, executrix, appeared by her attorney, L. J. Coppage, and filed her complaint in said court, praying the court to open up the said judgment of satisfaction of said mortgage, and that she be permitted to defend therein, which prayer was granted by the court, and she was permitted to make her defence to said cause, and the court, upon the hearing thereof, again found and adjudged that said mortgage of Stringer to Fiedler was fraudulent and void, and that plaintiff's title to the real estate described in said complaint and mortgage be forever quieted, upon the conditions that plaintiffs pay into court for the use of Ann Fiedler the sum of forty dollars within thirty days from the date of said judgment, which was on the — day of October, 1889, which finding and judgment is in order book No. 49, page 155, and reads as follows : "

Then follows a copy of the decree declaring the mortgage fraudulent and void.

The particular objection to the complaint, as testing its sufficiency, was that, as the payment of the note was depending upon a condition precedent, it was incumbent upon the appellee to show in his complaint that this condition had been fulfilled. The appellant insists that the complaint does not

show such a fulfilment. The note was to be paid when a certain mortgage described therein was satisfied of record. The complaint avers that the mortgage was, by the proper court, in a proper proceeding, and between the proper parties, declared fraudulent and void. We are of the opinion that this was a complete satisfaction of record of the mortgage.

There was no time fixed within which this duty was to be performed, and hence whenever it was performed the note became due and payable.

But the decree of the court declaring the mortgage void also provides that the plaintiff (the appellee here) shall pay into court for the use of Ann Fiedler, the sum of forty dollars within thirty days. The complaint shows that this amount was actually paid, with interest, and that thereupon the clerk, in obedience to the decree of the court, entered satisfaction of said mortgage on the record.

The complaint also discloses the fact that, although the forty dollars were paid, yet such payment was not made within the thirty days, but some months afterwards. It is argued by the appellant that this failure to pay within the time limited defeats the right of recovery on the note.

We do not think so. We do not regard the *time* of payment as of the essence here. We can not presume, in the absence of some specific declaration in the decree to that effect, that the court intended to cut off the appellee's right to recover on the note for $200 for a failure to pay $40 within the precise limit of thirty days. The essential feature of the forty-dollar recovery was that there was to be no right of action on the note *until* the $40 was paid. The payment of the $40 was, therefore, a condition precedent. This is the most that can be said for it. Time is not generally regarded in equity as of the essence, unless it appears from the nature of the contract, and the surrounding circumstances, to have been the intention to make it so. And where time admits of compensation, as where money is not paid on a day ap-

pointed, it is not of the essence. *Decamp* v. *Feay,* 5 S. & R. 323 (9 Am. Dec. 372) ; *Pedrick* v. *Post,* 85 Ind. 255.

We conclude, therefore, that the decree of the court declaring the mortgage fraudulent and void, and the subsequent payment of the forty dollars to the clerk, together with the entry of record, constituted a complete satisfaction of record of the mortgage referred to in the note.

It is further contended that there was a defect of parties defendant, and that Fiedler, the mortgagee, or his representatives, should have been made defendants in this suit. We know of no rule requiring this to be done. In a suit upon a promissory note, by the payee against the maker, these two are the only necessary parties to the record. At the time the mortgage was declared fraudulent and void, the mortgagee, or his representatives, had their day in court. There can be no necessity now for inviting them to litigate a second time a matter already determined.

The demurrer was properly overruled.

Appellant answered in four paragraphs. There was a demurrer to the second, third, and fourth paragraphs, which was sustained, and this ruling is assigned as error.

The second paragraph of the answer pleads a tender of the amount due on the note at that time, with the exception of the forty dollars named in the decree of the court, heretofore referred to. From what we have said in reference to the complaint, it must be apparent that the demurrer to this paragraph was properly sustained.

The third paragraph is substantially the same as the second, but is addressed to the matter of attorney's fee, mentioned in the complaint. The theory is that, as there had been a tender, and offer to pay all the note excepting the $40 provided for in the decree, no attorney's fee could be recovered. The same objection applies to this paragraph that obtains as to the second. No tender less than the full amount due on the note could be any answer to the complaint, either as to

the principal and interest or the attorney's fee. There was no error in sustaining the demurrer to this paragraph.

The appellant has not argued the question of the sustaining of the demurrer to the fourth paragraph of the answer, and it need not be noticed by us.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Oct. 15, 1891.